463 So.2d 1136 (1985)
STATE of Florida, Petitioner,
v.
Irene Yvonne PHILLIPS, Respondent.
No. 64547.
Supreme Court of Florida.
February 7, 1985.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for petitioner.
Gwendolyn Spivey and Michael J. Minerva, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for respondent.
EHRLICH, Justice.
This cause is before the Court for review of the decision of the First District Court of Appeal in Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983), pursuant to a question certified as being of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
*1137 Phillips was charged by information with the theft of less than one hundred dollars from Winn Dixie Stores, Inc. The heading of the information read "FELONY PETIT THEFT." At Phillip's arraignment, the state filed a notice of intent to rely on two prior petit theft convictions in order to enhance the crime pursuant to section 812.014(2)(c), Florida Statutes (1981), but the prior convictions were not alleged in the information itself.
Phillips was tried, convicted and sentenced in circuit court pursuant to the information filed. No objection to the adequacy of the information or to the jurisdiction of the circuit court was ever raised before the circuit court.
Phillips appealed her conviction to the district court, raising two issues on the merits. Subsequently, she sought leave to file a supplemental brief challenging the jurisdiction of the circuit court. The district court ultimately accepted the supplemental brief and agreed that the information was fatally defective for failure to allege jurisdiction of the circuit court. On motion for rehearing the district court certified as a question of great public importance "whether, absent objection or motion to dismiss in the circuit court, the defect found in the charging instrument should be noticed on appeal as jurisdictional."
Pursuant to the provisions of sections 5 and 6 of article V, Florida Constitution, the legislature has vested the circuit courts with original jurisdiction over "all felonies and ... all misdemeanors arising out of the same circumstances as a felony which is also charged." § 26.012(2)(d), Fla. Stat. (1981). County courts have original jurisdiction over "all misdemeanor cases not cognizable by the circuit courts." § 34.01, Fla. Stat. (1981).
Section 812.014, Florida Statutes (1981), defines theft of property valued at less than one hundred dollars as:
petit theft and a misdemeanor of the second degree, .... Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, ... . Upon a third or subsequent conviction for petit theft, the offender, shall be guilty of a felony of the third degree, ... .
(Emphasis supplied.)
The information filed against Phillips, under the heading "Felony Petit Theft" charged her with the theft of less than one hundred dollars "contrary to the provisions of Section 812.014(2)(c), Florida Statutes."
The issue before this Court is not one of notice. Phillips concedes that she had proper and sufficient notice of the charges against her and of those prior convictions on which the state based the felony petit theft charge. Neither does Phillips challenge the propriety of the circuit court's jurisdiction over felony petit theft cases. The narrow issue before us is whether the information filed in this case sufficiently alleged commission of a felony and thus properly invoked the jurisdiction of the circuit court.
The facts alleged in the information, if proved, would support a conviction of misdemeanor theft. Phillips contends that, in order to allege felony petit theft, the state was required to allege the two prior theft convictions as essential elements of the crime charged.
The state argues that the heading, Felony Petit Theft, coupled with the reference to the statute defining that crime, fulfilled all the constitutional requirements of a charging document charging the felony. If the felony is adequately charged in the information, the jurisdiction of the circuit court is properly invoked. We agree.
Florida Rule of Criminal Procedure 3.140(b) states that the "information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Subsection (d) of Rule 3.140 further provides "each count shall recite the official or customary citation of the statute ... which the defendant is alleged to have violated."
We hold that, on the facts of this case, the labeling of the charge as Felony Petit Theft coupled with citation to the statute *1138 which defines that substantive crime and the recitation of the facts which would support conviction under the statute is a sufficiently "definite statement of the essential facts constituting the offense charged." Thus it is adequate notice of the facts absent a timely objection or motion to dismiss.
In State v. Harris, 356 So.2d 315 (Fla. 1978), this Court addressed the prejudicial effect of requiring the jury to hear evidence of defendant's prior convictions to prove the essential elements of the crime charged. While recognizing the legislature's power to create the substantive offense of felony petit larceny, we exercised our power to tailor a procedure which would protect defendant's constitutionally guaranteed presumption of innocence. We analogized section 812.021(3) to the enhancement provisions of the habitual offender statute, section 775.084, Florida Statutes (1977), and held that after a jury returns a conviction on the underlying misdemeanor the judge will determine the fact of the prior conviction.
In the case before us, we tailor the requirements of the information to the nature of the statutory offense. Florida Rule of Criminal Procedure 3.140(o) provides:
Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Any defect in the information filed is clearly one of form, not of substance, as evidenced by the fact that both parties were willing and able to proceed to trial in circuit court on the charge of felony petit theft. There is no claim that the information is "so vague, indistinct and indefinite as to mislead the accused or embarass [her] in the preparation of [her] defense." Neither is there any "danger of a new prosecution of the same offense." This Court has, in recent years, recognized these two considerations as the primary rationale for the common-law "four corners of the charging document" rule. With increased discovery in criminal trials, we have found these protections to be afforded defendants without the rigid application of that rule. See e.g., Tucker v. State, 459 So.2d 306 (Fla. 1984), York v. State, 432 So.2d 51 (Fla. 1983); Sparks v. State, 273 So.2d 74 (Fla. 1973).
Because defendant was not misled or exposed to double jeopardy, we find the information sufficient to support a conviction for felony petit theft. Because the charging documents clearly labeled the crime charged as felony petit theft and cited the statute providing that the crime charged could be proved only by evidence of a misdemeanor theft and two prior convictions for misdemeanor theft, we find the information was not fundamentally defective and adequately invoked the jurisdiction of the circuit court.
Phillip's original appeal was filed on issues unrelated to the one now before us. In vacating the judgment and sentence, the district court did not reach the issues originally briefed. We therefore remand this cause to the First District Court of Appeal for determination of those issues.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I adopt the fine opinion of Judge Robert Smith in Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983).