575 So.2d 1262 (1991)
STATE of Florida, Petitioner,
v.
Narcisco RODRIGUEZ, Respondent.
No. 75302.
Supreme Court of Florida.
January 3, 1991.
Rehearing Denied March 7, 1991.
*1263 Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and L. Michael Roffino, Sp. Asst. Public Defender, Coral Gables, for respondent.
BARKETT, Judge.
We accepted jurisdiction to resolve an express and direct conflict between Rodriguez v. State, 553 So.2d 1331 (Fla. 3d DCA 1989), and Pritchard v. State, 528 So.2d 1272 (Fla. 1st DCA 1988).[1] The issue is whether a charging document must specifically allege three or more prior convictions for Driving Under the Influence (DUI) when charging a defendant with felony DUI to confer jurisdiction on the circuit court and to comply with due process of law.
The state filed an information in the circuit court charging Narcisco Rodriguez with three traffic-related offenses on October 11, 1988. One of the charges was for DUI in violation of section 316.193(1), (2)(b) of the Florida Statutes (Supp. 1988).[2] Section 316.193(2)(b) provides that "[a]ny person who is convicted of a fourth or subsequent [DUI violation] is guilty of a felony of the third degree." The information here made no mention of any specific prior DUI convictions, nor did the state before trial provide Rodriguez any details of the alleged prior convictions.
At arraignment, Rodriguez moved to dismiss or to transfer the matter to the county court, asserting that because the information did not inform him of what specific prior offenses he allegedly committed, the information did not adequately charge the felony, and therefore the circuit court had no jurisdiction. The circuit court denied the motion. Subsequently, a jury found Rodriguez guilty of DUI. After denying Rodriguez's renewed motion to dismiss, the court immediately adjudicated Rodriguez guilty of third-degree felony DUI and sentenced him to four and one-half years' imprisonment.[3]
The district court reversed on the ground that the felony prosecution in circuit court was improper because the information merely charged Rodriguez, "in effect, with three misdemeanors." Rodriguez, 553 So.2d at 1331. The district court expressed conflict with Pritchard, which held that the state need not allege the prior DUI convictions in the charging document "because of possible prejudice to the accused in the event the prior convictions were brought to the jury's attention." Pritchard, 528 So.2d at 1273.
The arguments presented by the parties require us to make two related inquiries concerning the sufficiency of the information. First, we must determine whether the information unambiguously alleged the commission of a felony, thereby properly invoking the subject matter jurisdiction of the circuit court. If the circuit court had jurisdiction, we must then determine whether the information satisfied Rodriguez's right to the protection of due process of law.
On the question of jurisdiction, the closely analogous case of State v. Phillips, 463 So.2d 1136 (Fla. 1985), controls. In Phillips, we said an information charging a felony and misdemeanors arising out of the same circumstances is within the exclusive *1264 subject matter jurisdiction of the circuit court. Id. at 1137; State v. Vazquez, 450 So.2d 203 (Fla. 1984); § 26.012(2)(d), Fla. Stat. (1987); see art. V, § 5, Fla. Const. However, the information must unambiguously charge a felony to invoke the circuit court's jurisdiction.
The narrow issue in Phillips was whether the information "sufficiently alleged commission of a felony and thus properly invoked the jurisdiction of the circuit court." Phillips, 463 So.2d at 1137. In that case, an information charged Phillips with the theft of less than one hundred dollars, citing section 812.014(2)(c) of the Florida Statutes (1981). The heading of the information read "FELONY PETIT THEFT." Phillips, 463 So.2d at 1137. Section 812.014(2)(c) did not exclusively define felony petit theft. To the contrary, that section defined three substantive criminal offenses: second-degree misdemeanor petit theft, first-degree misdemeanor petit theft, and third-degree felony petit theft. Had the information merely cited to section 812.014(2)(c), without any additional clarification, the defendant would not have known which crime he was accused of committing. However, because the information also included the heading of "FELONY PETIT THEFT," the heading cured the problem since the heading and citation combined to unambiguously state that Phillips was charged with felony petit theft in violation of section 812.014(2)(c). Thus, the Court concluded that the circuit court had jurisdiction.
The jurisdictional issue in this case is even more clear than in Phillips. The information charged Rodriguez with DUI in violation of section 316.193(1), (2)(b) of the Florida Statutes (Supp. 1988). Those provisions read as follows:
316.193 Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 percent or higher.
(2)... .
... .
(b) Any person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
By referring specifically to subsection (2)(b), the state made clear that it was charging Rodriguez with the third-degree felony as specifically set forth in that subsection. Thus, the information properly invoked the jurisdiction of the circuit court.
However, this does not end our inquiry. Rodriguez argues that even if the circuit court had jurisdiction, the information failed to meet the standards required by due process of law. His due process argument really involves two distinct aspects of the due process guarantee: the notice requirement and the entitlement to a presumption of innocence.
A charging document must provide adequate notice of the alleged essential facts the defendant must defend against. Art. I, §§ 9, 16, Fla. Const. In recognition of this concern, Florida Rule of Criminal Procedure 3.140(b) provides that an "indictment or information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." (Emphasis supplied); see also Fla.R. Crim.P. 3.140(d)(1) ("Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged.") (emphasis supplied).
As the state conceded at oral argument, the combined existence of three or more prior DUI convictions is an element of the substantive offense of felony DUI as defined by section 316.193(1), (2)(b). This conclusion necessarily follows the reasoning *1265 in State v. Harris, 356 So.2d 315 (Fla. 1978), where the Court construed the felony petit larceny statute, section 812.021(3) of the Florida Statutes (1975). Section 812.021(3) elevated the second-degree misdemeanor of petit larceny to the status of a third-degree felony upon the third or subsequent conviction of petit larceny. Like the felony DUI statute in this case, and virtually all other substantive criminal statutes, the felony petit larceny statute authorized punishment as provided in sections 775.082 (penalties), 775.083 (fines), or 775.084 (habitual offender penalties) of the Florida Statutes (1975). Justice Hatchett concluded for the Court that the felony petit larceny statute "creates a substantive offense and is thus distinguishable from [s]ection 775.084, the habitual criminal offender statute." Harris, 356 So.2d at 316. The felony DUI statute is indistinguishable in this regard. Section 316.193(2)(b) of the Florida Statutes (Supp. 1988) requires that "[a]ny person who is convicted of a fourth or subsequent [DUI violation] is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." As in Harris, we conclude that the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI.[4]
Moreover, the logic supporting our jurisdictional holding above also supports the conclusion that three prior DUI convictions combine as an essential element of felony DUI. The circuit court has jurisdiction only because the offense is a felony. It is a felony only by virtue of the fact that the defendant has been convicted of three or more prior DUI violations. It follows that because this fact is essential to the definition of the crime of felony DUI, it is an essential element that must be noticed and proved beyond a reasonable doubt. Art. I, §§ 9, 16, Fla. Const.
Having established that the existence of prior DUI convictions is an essential element of felony DUI, it necessarily follows that the requisite notice of prior DUI convictions must be given in the charging document. However, due process also requires that a defendant's presumption of innocence be preserved. To address the overlap of these two due process concerns, we must look at both the charging document itself and the manner in which the allegations are conveyed to the jury.
In Harris, the Court observed that the presumption of innocence may be compromised if jurors deliberating on a single petit larceny charge were to become aware of allegations or proof of prior similar convictions. Accord Shargaa v. State, 102 So.2d 809 (Fla.) (the presumption of innocence is destroyed when jurors learn of previous convictions for unrelated felonies), cert. denied, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958). Informing jurors of the allegation or proof of prior convictions
"would substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case[,] and in the mind of the average juror [it] would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty."
... . If the presumption of innocence is destroyed by proof of an unrelated offense, it is more easily destroyed by proof of a similar, related offense.
Harris, 356 So.2d at 317 (quoting Shargaa, 102 So.2d at 816). Faced with the need to satisfy due process, the Court in Harris *1266 concluded that the substantive offense must be tried "without bringing to the attention of the jury the fact of prior convictions as an element of the new charge." Id. at 317.
The same due process concerns apply with equal force in felony DUI jury trials. See Pritchard v. State, 528 So.2d 1272 (Fla. 1st DCA 1988). The jury must be allowed to objectively determine whether each essential fact comprising the felony DUI charge has been proved beyond a reasonable doubt.
Harris shows that courts must give the felony DUI defendant ample notice of the essential facts of prior DUI convictions to satisfy the due process notice requirement. At the same time, courts must be extremely careful as to how the allegations and facts concerning prior DUI convictions are conveyed to the jury so as not to compromise the presumption of innocence. To protect the right to fair notice guaranteed by article I, sections 9 and 16 of the Florida Constitution, we conclude that the state must allege the specific prior DUI convictions in the charging document. But the trial court must protect the defendant's presumption of innocence by withholding from the jury any allegations or facts about the alleged prior DUI offenses. If the jury takes a copy of the information or indictment into the jury room, the trial court must ensure that all portions stating the charge is a felony and detailing the alleged prior convictions have been excised from that copy.
The Court in Harris also addressed the procedural question of how the state may present evidence to prove the existence of prior convictions without compromising the defendant's presumption of innocence. The Court said that once the elements of the single offense at issue are proved and a guilty verdict obtained, the trial court shall hold a separate proceeding without a jury to "determine the historical fact of prior convictions and questions regarding identity in accord with general principles of law, and by following the procedure now employed under Section 775.084." Harris, 356 So.2d at 317. Of course, it is only the procedure under section 775.084 that must be employed, that is, a separate proceeding after sufficient notice has been provided.[5] Moreover, the Court said, to comply with general principles of law, all evidence of the prior petit larceny convictions must be presented in the separate proceeding "`in open court with full rights of confrontation, cross-examination, and representation by counsel.'" Id. at 317 n. 2 (quoting § 775.084(3)(c), Fla. Stat. (1975)).
Our reasoning in Harris controls. We conclude that if a defendant charged with felony DUI elects to be tried by jury,[6] the court shall conduct a jury trial on the elements of the single incident of DUI at issue without allowing the jury to learn of the alleged prior DUI offenses. If the jury returns a guilty verdict as to that single incident of DUI, the trial court shall conduct a separate proceeding without a jury to determine, in accord with general principles of law, whether the defendant had been convicted of DUI on three or more prior occasions. All evidence of the prior DUI convictions must be presented in open court and with full rights of confrontation, cross-examination, and representation by counsel. The trial court must be satisfied that the existence of three or more prior DUI convictions has been proved beyond a reasonable doubt before entering a conviction for felony DUI.
Applying these rules of law to the facts before us, we are persuaded that the district court found error for the wrong reason. The information in this case did satisfy the law's jurisdictional requirements and properly invoked the jurisdiction of the circuit court. Thus, the district court erred in reversing all the convictions on jurisdictional grounds. However, the *1267 state failed to give the defendant any notice of the alleged prior DUI convictions it intended to establish to prove felony DUI. The record also contains insufficient evidence of the existence of any prior DUI convictions to support a felony DUI conviction, so the felony DUI conviction cannot stand. Nonetheless, substantial competent evidence does appear in the record to support a conviction of first-offense DUI, for which Rodriguez now must be resentenced.
Accordingly, we approve the result in Rodriguez as to the felony DUI conviction, but we quash the decision in all other respects. This cause is remanded with instructions to reinstate the convictions for driving with a suspended license and attaching an unassigned registration license, to enter a conviction of first-offense DUI, and to resentence Rodriguez. We disapprove Pritchard to the extent that it is inconsistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] The other charges were misdemeanor offenses of attaching a registration license plate not assigned, section 320.261 of the Florida Statutes (1987); and driving while license suspended or revoked. § 322.34(1), Fla. Stat. (Supp. 1988). Although these charges are not directly in issue here, the circuit court's jurisdiction over them was contingent on whether the circuit court had jurisdiction to try the DUI charge because the circuit court had jurisdiction over the misdemeanors only if this information also charged a felony arising out of the same circumstances. See State v. Phillips, 463 So.2d 1136 (Fla. 1985); State v. Vazquez, 450 So.2d 203 (Fla. 1984); § 26.012(2)(d), Fla. Stat. (1987).
[3] The trial court also adjudicated Rodriguez guilty of the other two counts after he entered no contest pleas. Rodriguez received a consecutive sentence of 364 days for the driving-while-license-suspended charge, and a suspended sentence on the registration-license-plate charge.
[4] Our reading of the felony DUI statute is wholly consistent with all of the penalty provisions set by the legislature for DUI, including its intent to apply the penalty enhancement provisions of the habitual felony offender statute. The maximum incarceration for first-offense DUI is six months' incarceration. § 316.193(2)(a)(2)(a), Fla. Stat. (Supp. 1988). For second-offense DUI, the defendant may be sentenced to nine months' incarceration. § 316.193(2)(a)(2)(b), Fla. Stat. (Supp. 1988). Third-offense DUI is punishable by not more than twelve months' incarceration. § 316.193(2)(a)(2)(c), Fla. Stat. (Supp. 1988). A fourth or subsequent DUI violation is a third-degree felony punishable by a maximum five years' incarceration. See § 316.193(2)(b), Fla. Stat. (Supp. 1988); § 775.082(3)(d), Fla. Stat. (1987). If qualified for enhanced punishment as a habitual felony offender, a person could be sentenced to ten years' imprisonment for felony DUI. See § 775.084(4)(a)(3), Fla. Stat. (Supp. 1988).
[5] Under different facts, the substantive terms of the habitual felony offender statute may be applicable to felony DUI defendants who otherwise qualify for enhanced punishment under that statute.
[6] § 316.1934(4), Fla. Stat. (Supp. 1988); see art. I, §§ 16, 22, Fla. Const.; Fla.R.Crim.P. 3.251.