580 So.2d 335 (1991)
Abel TOLEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2045.
District Court of Appeal of Florida, Third District.
June 4, 1991.
*336 Richard Hersch, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
LEVY, Judge.
Abel Toledo, the defendant, was found guilty of violating Section 316.193, Florida Statutes (1989), for Driving Under the Influence of Alcoholic Beverages ["DUI"] in the County Court after jury trial. The defendant had previously been convicted of three DUI violations and moved the County Court to dismiss the charges for lack of jurisdiction under Section 316.193(2)(b), Florida Statutes (1989). The County Court denied the motions and the defendant sought certification of the following question:
When a defendant charged with a violation of Fla. Stat. § 316.193 has three prior convictions of this same section or its predecessor, do the provisions of Fla. Stat. § 316.193(2)(b) require that the cause be tried by a circuit court.
The County Court certified the question as one of great public importance under Florida Rule of Appellate Procedure, Rule 9.160, and this Court granted discretionary review pursuant to Florida Rule of Appellate Procedure, Rule 9.030(b)(4). We affirm the conviction and answer the certified question in the negative.
In our system of criminal justice, prosecutors have the prosecutorial discretion to charge a defendant with the crime that the evidence establishes that the defendant committed, or any lesser crime thereof. See State v. Cain, 381 So.2d 1361 (Fla. 1980) (superseded by statute on other grounds as stated in Banks v. State, 520 So.2d 43 (Fla. 1st DCA 1987), review denied, 529 So.2d 693 (Fla. 1988)); Johnson v. State, 314 So.2d 573 (Fla. 1975); Gasset v. State, 490 So.2d 97 (Fla. 3d DCA), review denied, 500 So.2d 544 (Fla. 1986); State v. Copher, 395 So.2d 635 (Fla. 2d DCA 1981). As this Court stated in Gasset v. State, 490 So.2d at 98, n. 1:
The prosecutor has great discretion in deciding which charges should be filed and may decide, for a myriad of reasons, not to prosecute on certain charges notwithstanding the fact that sufficient evidence exists to support a conviction thereon.
Furthermore, once the prosecutor has decided what charges should be filed, "... the courts are not to interfere with the free exercise of the discretionary powers of the prosecutor in his control over criminal prosecutions." State v. Cain, 381 So.2d at 1367, n. 8. The decision herein to prosecute the defendant for a misdemeanor violation instead of a felony violation was clearly within the prosecutor's discretion and, thus, the County Court properly exercised its jurisdiction over the defendant's fourth DUI violation.
Accordingly, we affirm the final order of conviction and sentence from the county court and answer the certified question in the negative.