PER CURIAM.
John M. Shafer appeals his conviction for “felony DUI.” We vacate the judgment and sentence on the authority of State v. Rodriguez, 575 So.2d 1262 (Fla.1991), for the reason that the Florida Supreme Court has concluded that the state must allege the specific prior DUI convictions in the information, allegations which are absent from the instant case. Rodriguez also requires protection of the defendant’s presumption of innocence “by withholding from the jury any allegations or facts about the alleged prior DUI offenses.” 575 So.2d at 1266. We recognize, however, that the jurors might understand *418 that the charge is a felony DUI, merely because the matter is before the circuit court, not the county court.
The defendant’s attorney in the instant case specifically objected to the inclusion in the instructions to the jury that his client was charged with a felony DUI. Consistent with the requirements of Rodriguez, we vacate the judgment and sentence imposed. Since, unlike Rodriguez, the record contains sufficient evidence of the prior DUIs, we remand to the trial court for a new trial on the felony DUI charge. See Montana v. Hall, 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987).
Judgment and sentence VACATED; REMANDED for new trial.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.