588 So.2d 255 (1991)
Charles Robert HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1691.
District Court of Appeal of Florida, Fifth District.
October 10, 1991.
Rehearing Denied November 15, 1991.
*256 James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
On January 3, 1990, Charles Robert Hope was charged with DUI under a uniform traffic citation. It was soon discovered that he had been convicted of three previous DUI offenses in Minnesota. The state, upon learning of these previous offenses, moved to transfer the cause to the circuit court alleging jurisdiction pursuant to section 316.193(2)(b) and attached certified copies of the previous convictions to its motion. The county court ordered the transfer.
The state then filed an information alleging:
Felony Driving Under the Influence of Alcoholic Beverage or Controlled Substance, in Violation of F.S.316.193, a Third Degree Felony.
The information then alleged the specific elements of the particular DUI offense to be tried by the jury but did not allege the three previous convictions as specific elements of the felony charge. Hope, with full knowledge of the charge against him and having been furnished with certified copies of the three underlying convictions, pled nolo contendere to the charge of felony DUI without reserving the right to appeal.
Hope initially appealed, by Anders brief, the judge's revocation of his driver's license. We required that the jurisdictional issue be raised by supplemental brief. The issue before us is whether, under the facts of this case, and in light of State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), the circuit court had jurisdiction. We hold that it did and affirm.
State v. Phillips, 463 So.2d 1136 (Fla. 1985), involves an analogous problem. There the issue was whether the two prior theft convictions necessary to establish felony petit larceny had to be pleaded as essential elements in the information in order to invoke circuit court jurisdiction. The Supreme Court held that where the defendant received "proper and sufficient notice of the charges against her and of the prior convictions on which the state based the felony petit theft charge" (i.e., due process notice having been given) such prior convictions need not be alleged in the information stating:
We hold that, on the facts of this case, the labeling of the charge as Felony Petit Theft coupled with citation to the statute which defines the substantive crime and the recitation of the facts which would support conviction under the statute is a sufficiently "definite statement of the essential facts constituting the offense charged." Thus it is adequate notice of the facts absent a timely objection or motion to dismiss.
Phillips at 1137-38.
It is urged that since section 316.193 defines three separate felonies (only *257 two of them third degree) and since the information did not designate the particular subsection it relied on (although the notice invoking circuit court jurisdiction filed in the county court did), the information did not charge a specific felony. But the important fact is that Hope was charged with a felony, even if inadequately, under a statute which included felony DUI based on three previous convictions and which defined such substantive charge and recited the facts which would support a conviction. It is evident that the information alleges some felony  hence circuit court jurisdiction. The fact that the allegations are legally insufficient and would be subject to dismissal upon motion does not render the information void so that the circuit court cannot permit an amendment to cure the defect.
In Layman v. State, 455 So.2d 607 (Fla. 5th DCA 1984), rev. denied, 459 So.2d 1040 (Fla. 1984) this court held that:
A Florida Uniform Traffic Citation ... alleging a violation of section 316.193, without specification of either subsection (1)(a) or (1)(b), is sufficient to charge a violation of this statute in either of the two ways it can be violated.
The dissent distinguishes Layman by saying that since the defendant in Layman was charged with but one misdemeanor which could be committed in either (or both) of two ways it was not necessary for the charging document to specify which subsection was being relied on. But in this case there is a single offense alleged  third degree felony driving under the influence of alcoholic beverage which can be committed in either (or both) of two ways: the fourth DUI conviction [316.193(2)(b)] or operating a vehicle while under the influence causing serious bodily injury to another [316.193(3)(c)2]. Since the charging document in this case did not charge the misdemeanor or the second degree felony, but only a third degree felony that can be committed in either of two ways, it seems remarkably similar to Layman.
In Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984), aff'd, 474 So.2d 1192 (Fla. 1985) we held that if an information alleges either a felony or a misdemeanor in the alternative, the circuit court, nevertheless, has jurisdiction. The misdemeanor allegation was held mere surplusage. Fike was followed by Mobley v. State, 460 So.2d 383 (Fla. 5th DCA 1984), aff'd, 475 So.2d 1239 (Fla. 1985). In these cases allegations of felony even in the alternative was sufficient to invoke circuit court jurisdiction. Alleging a specific felony (third degree felony driving under the influence)  even if alleged insufficiently so that amendment would be required, is sufficient to invoke the jurisdiction of the court.
State v. Gray, 435 So.2d 816 (Fla. 1983) holds:
Where an indictment or information wholly omits to allege one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state.
But Gray does not hold that such defective information cannot be amended, in court, to include such essential elements. And Phillips has made suspect the current validity of Gray in applying a strict "four corners of the charging document" rule (as the dissent does herein) in cases such as this where the defendant is not embarrassed in the preparation of his defense and where there is no threat of subsequent prosecution for the same offense.
As the Phillips court stated:
Any defect in the information filed is clearly one of form, not of substance, as evidenced by the fact that both parties were willing and able to proceed to trial in circuit court on the charge of felony petit theft. There is no claim that the information is "so vague, indistinct and indefinite as to mislead the accused or embarrass [her] in the preparation of [her] defense." Neither is there any "danger of a new prosecution of the same offense." This court has, in recent years, recognized these two considerations as the primary rationale for the common-law "four corners of the charging document" rule. With increased discovery in criminal trials, we have found these protections to be afforded defendants *258 without the rigid application of that rule.
Phillips at 1138.
In our case, Hope, after receiving record notice (although not contained in the information) as to which subsection of the statute the state was relying on, along with copies of the underlying convictions, pled to the charge. We hold, consistent with Brlecic v. State, 456 So.2d 503 (Fla. 2d DCA 1984), that pleading to an offense acknowledging the existence of unpled essential elements, implicitly amends the information to include them.[1] Hope was not misled in his defense nor is there any danger that he may again be prosecuted for the same offense. A rigid application of the "four corners of the charging document" rule is inappropriate under the Phillips rationale.
Rodriguez v. State, supra, is not inconsistent with this holding. In Rodriguez, the defendant went through trial and was convicted of felony DUI when "the state failed to give the defendant any notice of the alleged prior DUI convictions it intended to establish to prove the felony DUI." Rodriguez at 1267. Even so, and although the essential element of these prior convictions was not alleged in the information, the court upheld the jurisdiction of the circuit court.[2]
Although Rodriguez held that the fact of the prior DUI convictions is an essential element of the offense of felony DUI and must be pleaded in the information while Phillips held that the prior petit theft convictions need not be so pleaded in the charge of felony petit theft, this difference may be explained by the facts. In Phillips there was no due process concern. Adequate notice of the prior convictions had been given. Not so in Rodriguez where the court held: "To protect the right to fair notice, ... we conclude that the state must allege the specific prior DUI convictions in the charging document." Rodriguez at 1266.
It is noteworthy that Rodriguez relies on State v. Harris, 356 So.2d 315 (Fla. 1978) for the proposition that the prior convictions are elements of the substantive offense. In Harris the state asserted its right to plead and prove the prior conviction because they were elements of felony petit theft. The court conceded that they were indeed elements of the offense but, without stating whether they should be pleaded in the information or otherwise, held:
The Legislature had the right to create the substantive offense of "felony petit larceny," but we have the right to dictate the procedure to be employed in the courts to implement it ... upon conviction of the third petit larceny, the court shall, in a separate proceeding, determine the historical fact of prior convictions and questions regarding identity in accord with general principles of law, and by following the procedure now employed under section 775.084. (Emphasis added.)
Harris at 317.
Since section 775.084, the habitual offender statute, only addressed the due process requirement of timely notice (and not allegations in the charging document), it is unclear if Harris in fact requires or even permits the inclusion of the prior convictions in the information. The court stated:
We therefore hold that Section 812.021(3) creates a substantive offense to be tried in the circuit court when felony petit larceny is charged, without bringing to the attention of the jury the fact of prior convictions as an element of the new charge. (Emphasis added.)
Harris at 317.
Harris seems to contemplate that the prior convictions, although essential elements, be treated as "historical facts" to be *259 raised by proper notice and be determined in a subsequent habitual offender type hearing.
Based on Harris and Phillips it is understandable why the state omitted the prior convictions from the charging document while meeting its obligation to give proper due process notice to defendant in a separate instrument. While Rodriguez now requires that such prior offenses be included in  and then purged from  the charging document, nothing in Rodriguez suggests that this new requirement is not subject to the harmless error rule or that the defect cannot be waived by a proper plea. Hope has not urged that he was prejudiced by the procedure followed in this case.
Rodriguez holds that even if this essential element is not pleaded, the circuit court nevertheless has jurisdiction. The failure to allege the previous convictions in the information, under the facts of this case, did not deprive the circuit court of jurisdiction and we affirm this conviction.
However, we reverse that portion of judgment assessing an attorney's lien. The lien was improper under Bull v. State, 548 So.2d 1103 (Fla. 1989).
AFFIRMED in part; REVERSED in part and REMANDED for correction of judgment consistent with this opinion.
GRIFFIN, J., concurs specially with opinion.
COWART, J., dissents with opinion.
GRIFFIN, Judge, concurring specially.
I was a member of the panel that decided Shafer v. State, 583 So.2d 417 (Fla. 5th DCA 1991), which the dissent contends is in "direct conflict" with the majority opinion in this case. The dissent says that in Shafer we reversed the felony DUI judgment and sentence because the information failed to invoke the jurisdiction of the circuit court. There is no suggestion in the Shafer opinion, however, that the panel found a lack of jurisdiction. The dissent reasons that since, under Florida Rule of Criminal Procedure 3.190(b), any ground for a motion to dismiss not presented by motion is deemed to be waived unless the objection is based on fundamental grounds, and since the right to be charged by information or indictment is a fundamental right, Shafer must have been based on a lack of jurisdiction.
In fact, just as the opinion states, the Shafer decision is based on the authority of State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), which was decided on due process grounds. State v. Rodriguez, was a case where, like the Shafer case, the charging document alleged a violation of section 316.193(2)(b), Florida Statutes. Thus it is clear that in Shafer, as in Rodriguez, the information properly invoked the jurisdiction of the circuit court. After the decision in Rodriguez, we could not have found a lack of jurisdiction in Shafer; Rodriguez is controlling on that issue. The Shafer court merely followed the ruling in Rodriguez that the state's failure to identify the specific prior DUI convictions deprived the defendant of due process of law. In Shafer, as in Rodriguez, the state never filed any notice identifying the prior DUI's. There is no indication in the record in Shafer that defense counsel even knew which prior convictions the state intended to rely on until shortly before the trial. In Shafer, the state's only proof of the prior DUI's was the defendant's driving record, and based on defense inquiries made within the week before trial, jurisdiction was challenged (unsuccessfully) on the basis that one of the DUI convictions relied upon was invalid. The state did not produce certified copies of the prior DUI convictions until the sentencing hearing.
As in Shafer, there is no suggestion that Rodriguez raised a due process violation in his motion to dismiss; yet the supreme court did not find waiver of the due process claim.[1] I agreed in Shafer that the lack of an objection to a due process violation filed in a motion to dismiss did not prevent our consideration of the due process violation.
*260 I recognize that the supreme court said in Rodriguez that due process requires notice of prior DUI convictions be given in the charging document; however, that ruling arose in the context of a case originally filed in circuit court. The present case stands in a very different light. Here, appended to the motion to transfer this case to the felony jurisdiction of the circuit court were certified copies of the three prior convictions relied upon by the state. It appears to me that the due process violation found in Rodriguez does not exist in the present case.
COWART, Judge, dissenting.
The defendant received a uniform traffic citation with notice to appear in county court on a DUI charge. Thereafter the State filed in county court a notice of felony DUI jurisdiction and a motion to transfer the case to circuit court, attaching documents showing the defendant's prior convictions in Minnesota of three misdemeanor DUI charges. The county court entered an order purporting to transfer the cause to the circuit court.
The State then filed an information in circuit court, in substance, as follows:

CHARGE: FELONY DRIVING UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGE OR CONTROLLED SUBSTANCE, in Violation of F.S. 316.193, a Third Degree Felony

SPECIFICATIONS OF CHARGE: In that CHARLES ROBERT HOPE, on or about the 3d day of January, 1990, at or near Orange City within Volusia County, Florida, did then and there drive or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage, or any chemical substance set forth in F.S. 877.111, or any substance controlled under Chapter 893, and was affected to the extent that his normal faculties were impaired or had a blood alcohol level of 0.10 percent or higher.
The defendant pled nolo contendere to third degree felony DUI and was placed on five years probation with a condition that he serve 90 days in county jail and with a condition that his driver's license was permanently revoked. At sentencing the trial court also imposed a public defender's lien without prior notice. The defendant appeals. The appeal presents four issues:
I. In failing to specifically allege the three prior DUI convictions, did the information fail to allege an essential element of the substantive offense of felony DUI, and thereby fail to unambiguously charge a felony as necessary to invoke the circuit court's jurisdiction, and fail to meet the standard required by due process of law by failing to provide adequate notice of alleged essential facts the defendant must plead against?
II. Having pled nolo contendere, may the defendant now on appeal raise the above issue?
III. Did the trial court err in imposing the public defender's lien without prior notice thereof and opportunity to object?
IV. Did the trial court err in attempting to permanently revoke the defendant's driver's license?
The defendant should prevail on each issue.

SUBJECT MATTER JURISDICTION
In State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), the supreme court held that the existence of three or more prior DUI convictions is an essential element of the substantive offense of felony DUI and that a charging document must specifically allege the three or more prior DUI convictions when charging a defendant with felony DUI to protect the defendant's right to fair notice guaranteed by Article I, Sections 9 and 16 of the Florida Constitution. In determining the question of jurisdiction, the supreme court in Rodriguez noted that in an analogous case, State v. Phillips, 463 So.2d 1136 (Fla. 1985), the subject matter jurisdiction of the circuit court was invoked where a defendant was charged in an information with a heading which read "Felony Petit Theft" but cited section 812.014(2)(c), Florida Statutes, which did not exclusively define felony petit theft because the heading cured any ambiguity by stating that the defendant was charged with a felony petit theft in violation of section 812.014(2)(c), Florida Statutes.
*261 The information in the instant case states: "Felony Driving Under the Influence of Alcoholic Beverage or Controlled Substance" and cites section 316.193,[1] Florida Statutes, which does not exclusively define felony DUI. There is, however, a distinction between the felony DUI statute and the felony petit theft statute. There are three types of felony DUI's and only one type of third degree felony petit theft. Thus, in a felony DUI information, the heading of "Felony Driving Under the Influence of Alcoholic Beverage or Controlled Substance" does not combine with section 316.193 to cure the problem of an ambiguous statutory cite. In the instant case, the information, in merely citing to section 316.193, without any additional clarification failed to inform the defendant of which felony DUI he was accused of committing. The Supreme Court in Rodriguez, stated: "The information must unambiguously charge a felony to invoke the circuit court's jurisdiction." 575 So.2d at 1264. See Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), quashed on other grounds, 435 So.2d 816 (Fla. 1983) (where an indictment or information wholly fails to allege one or more essential elements of a crime, it fails to charge a crime under the laws of the state).
The State argues that the defendant was given notice of the three prior convictions in the "Notice of Felony DUI Jurisdiction and Motion to Transfer to Circuit Court" filed in the county court. This "notice" and "motion to transfer" actually had no legal effect and should not have been filed. The Uniform Traffic Citation (Complaint-Notice to Appear) filed in the county court was sufficient under Florida Rules of Criminal Procedure 3.125 and 3.140(a)(2) to charge a misdemeanor and invoke the jurisdiction of the county court but was totally inadequate to charge a felony or to invoke the jurisdiction of the circuit court. The "cause" in the county court was a misdemeanor DUI charge and there was no basis to transfer that cause to the circuit court which had no jurisdiction over that charge. The proper procedure was for the State to file a nolle prosequi in the misdemeanor case in the county court and to invoke the subject matter jurisdiction of the circuit court by filing in that court an information or indictment alleging the essential elements of a felony DUI charge. The clear and unequivocal language in Rodriguez is that it is the charging document, not some unsworn extraneous document, which must give the constitutionally required notice: "To protect the right to fair notice guaranteed by article I, sections 9 and 16 of the Florida Constitution, we conclude that the state must allege the specific prior DUI convictions in the charging document." (emphasis added). Rodriguez, 575 So.2d at 1266. It is the charging document, not some unauthorized and unsworn "notice" to the defendant, which must contain the essential elements of the substantive offense of felony DUI as defined by section 316.193(2)(b). Id. The majority erroneously looks to documents outside the information or indictment to infer or confer subject-matter *262 jurisdiction in circuit court. Subject-matter jurisdiction in a criminal case is invoked by the face of the accusatory pleading filed. State v. Vazquez, 450 So.2d 203 (Fla. 1984); Winburn v. State, 28 Fla. 339, 9 So. 694 (1891); McLean v. State, 23 Fla. 281, 2 So. 5 (1887); Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983).
In summary the information filed in the circuit court is adequate to allege only a misdemeanor DUI under section 316.193, Florida Statutes, and the circuit court does not have jurisdiction of a misdemeanor criminal offense. The county court does.[2]

DUE PROCESS
The supreme court, after considering subject matter jurisdiction in Rodriguez, focused on the due process concerns of whether the charging document provided the defendant with adequate notice of the prior DUI convictions. The supreme court stated:
Having established that the existence of prior DUI convictions is an essential element of felony DUI, it necessarily follows that the requisite notice of prior DUI convictions must be given in the charging document. (emphasis added).
Rodriguez, 575 So.2d at 1265. See also Hauss v. State, 574 So.2d 1141 (Fla. 4th DCA 1991).
The information in the instant case fails to allege the combined existence of three or more prior DUI convictions; therefore the information is fatally defective.

OATH REQUIREMENT
Article I, section 15 of the Florida Constitution provides in relevant part that:
(a) No person shall be tried for capital crime without presentment of indictment by a grand jury, or for other felony without such presentment or indictment or an information under oath filed by the prosecuting officer of the court, except persons on active duty in the militia when tried by courts martial. [emphasis added].
Florida Rule of Criminal Procedure 3.140(g) amplifies the oath requirement by providing:
An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense... .
This oath requirement is designed to protect the citizenry by insuring good faith in the institution of criminal proceedings. Champlin v. State, 122 So.2d 412 (Fla. 2d DCA 1960). The oath requirement mandates that the state attorney or his designated assistant swear to facts which if true would establish a crime, thus reducing the risk that frivolous criminal prosecutions will be instituted.
The purpose behind the oath requirement is clearly not fulfilled if the state attorney can simply allege that the defendant is guilty of violating a designated statute, even if the defendant has actual knowledge of essential facts contained in some collateral, unauthorized, unsworn document given to him by the State. In such a context, no facts are sworn to by the prosecutor which would establish the essential elements of a criminal offense. Instead, the prosecutor is merely swearing to a conclusion of law.
In the present case, the prosecutor has never sworn that the defendant was guilty of three or more previous DUI offenses, an essential predicate to a prosecution for felony DUI.[3]

FUNDAMENTAL ERROR
The next issue on appeal is whether the defects in the information constitute fundamental error. The defendant cites Wood v. State, 544 So.2d 1004 (Fla. 1989) for the *263 proposition that a violation of a fundamental notice requirement is fundamental error. In addition, in Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), quashed on other grounds, 435 So.2d 816 (Fla. 1983) this court held that the failure of an information to allege all the essential elements of a criminal offense is fundamental error and may be raised for the first time on appeal.
The State argues that because the defendant pled nolo contendere to the offense charged, the defendant waived the alleged constitutional defects and this court is without jurisdiction to rule on this issue, relying on Robinson v. State, 373 So.2d 898 (Fla. 1979) and Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981). The State's argument that the defendant waived any alleged defect by pleading nolo contendere is incorrect. Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), quashed on other grounds, 435 So.2d 816 (Fla. 1983); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). Moreover, the plea of guilty or nolo contendere does not waive an infirmity in the form of an information which is fatal to the information's sufficiency to charge an offense. See Lewis v. Mayo, 127 Fla. 488, 173 So. 346 (1937), Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987).
In addition, the State contends that the defendant cannot show any actual prejudice resulting from the State's failure to allege the three prior DUI convictions in the information itself. Because the defendant, prior to his plea, received the State's notice and the court's order of transfer citing the three prior DUI convictions, the State maintains the defendant's due process rights were not violated.
It is true that where there is a mere "defect" in a basically valid information, the standard of review is whether the defect causes "actual prejudice". However, this is not the appropriate standard where the information wholly fails to charge an offense under Florida law. As the supreme court has said:
The state is correct in arguing that ordinarily the test for granting relief based on a defect in the charging document is actual prejudice to the fairness of the trial [citation omitted]. However, a conviction on a charge not made by the indictment or information is a denial of due process of law. [citations omitted]. If the charging instrument completely fails to charge a crime, therefore, a conviction thereon violates due process. Where an indictment or information wholly omits to allege one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state. Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time before trial, after trial on appeal or by habeas corpus [citations omitted].
State v. Gray, 435 So.2d at 818 (Fla. 1983). In the instant case fundamental error occurred when the charging instrument failed to specify the predicate DUI convictions since these were an element of the substantive offense being charged. See Rodriguez. See also Ray v. State, 403 So.2d 956, 959 (Fla. 1981) (citing DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937), wherein the court stated: "[C]onviction upon a charge not made would be a sheer denial of due process.")
The heading on the information, as indicated earlier did not combine with the statutory cite to cure any defect as to which offense the defendant was being charged with. Generally, a charging document which refers to a statute and tracks its language is held to be sufficient. Martinez v. State, 368 So.2d 338 (Fla. 1979); State v. Graham, 468 So.2d 270 (Fla. 2d DCA 1985), rev. denied, 475 So.2d 694 (Fla. 1985); State v. DiGuillio, 413 So.2d 478 (Fla. 2d DCA 1982), rev. denied, 419 So.2d 1196 (1982). The failure to include an essential element of the offense will not render a charging document so defective that it does not support a judgment of conviction when the information refers to a specific section of the criminal code which specifically defines all the elements of the offense. DuBoise v. State, 520 So.2d 260 (Fla. 1988); McClamrock v. State, 374 So.2d 1076 (Fla. 2d DCA 1979). In this *264 case the information did not supply the adequate notice of the offense charged by reference to a specific statutory cite which specifically defined the elements of a particular offense because the information in this case alleges facts constituting only a misdemeanor and refers only generally to a statute which describes two misdemeanors and three different felonies. This is entirely different from the situation in Layman v. State, 455 So.2d 607 (Fla. 5th DCA 1984), rev. denied, 459 So.2d 1040 (Fla. 1984), in which the defendant was charged with and convicted of a misdemeanor under this same statute and it was held that because subsections (1)(a) and (1)(b) describe but one misdemeanor offense that can be committed in either or both of two ways it was not necessary for the charging document (a uniform traffic citation) to specify one or the other of those two subsections.
The fact that the defendant in this case failed to file a pre-trial motion to dismiss the information is not decisive where the information is fatally defective for failure to charge a crime. See State v. Wimberly, 459 So.2d 456 (Fla. 5th DCA 1984); Compare DuBoise v. State, 520 So.2d 260 (Fla. 1988); State v. Dye, 346 So.2d 538 (Fla. 1977).
SHAFER v. STATE
In Shafer v. State, 583 So.2d 417 (Fla. 5th DCA 1991), a panel of this court reversed a felony DUI judgment and sentence as required by State v. Rodriguez, for the reason that the information failed to allege the three or more DUI convictions that are an essential element of the substantive offense of felony DUI and, therefore, failed to invoke the jurisdiction of the circuit court, which has jurisdiction over the trial of a felony DUI charge but not jurisdiction over a misdemeanor DUI, the trial of which is in the county court.
The Shafer case and this case have striking similarities: in both cases, the prosecution commenced with allegation of a misdemeanor DUI in county court; in both cases, an information was later filed in the circuit court which was intended to allege a felony DUI. The substance of the information in this case is set out above; the substance of the information in the Shafer case is as follows:

CHARGE: FELONY DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGE OR CONTROLLED SUBSTANCE, in Violation of F.S. 316.193(1)(a) & (b) & (2)(b)

SPECIFICATIONS OF CHARGE: In that JOHN MICHAEL SHAFER, on or about the 23rd day of January, 1990, within Putnam County, Florida, did then and there drive or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage, or any chemical substance set forth in F.S. 877.111, or any substance controlled under Chapter 893, and was affected to the extent that his normal faculties were impaired or had an unlawful blood alcohol level of 1.10 percent or higher.
The main difference between the information, which the majority opinion upholds in this case, and the information which this court held insufficient in Shafer, is that in the charge, or caption,[4] in the reference to the DUI statute in this case, the statute is cited only as "F.S. 316.193" (which statute includes provisions for both felony and misdemeanor charges) while in Shafer, the reference to the DUI statute is cited as "F.S. 316.193(1)(a) & (b) & (2)(b)." Section 316.193(2)(b) is a specific reference to that part of the statute which provides that a conviction of a fourth or subsequent violation of subsection (1) (the basic misdemeanor DUI provision) is guilty of a felony of the third degree. The charging document in Shafer, although insufficient for failure to allege the existence of three or more prior DUI convictions (which allegations are an essential element of a felony DUI charge and of *265 the circuit court's jurisdiction), the reference to the statute in the caption in the information in Shafer would be more likely to inform the defendant of the nature and cause of the accusation against him,[5] that is, he is being charged with having three prior DUI convictions, than the reference in the caption in the information in this case, which refers only generally to section 316.193, which in subsection (1) proscribes as a misdemeanor the exact conduct alleged in particular in the body of the information in this case. In Shafer, the defendant did not attack the sufficiency of the information by motion to dismiss as required by Florida Rule of Criminal Procedure 3.190(b). Rule 3.190(c) provides that:
Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived.
Because no such motion to dismiss was filed in Shafer, yet this court applied Rodriguez in Shafer, the holding in Shafer must have necessarily been based upon fundamental grounds. The Shafer case correctly applies Rodriguez; the majority opinion in this case is in direct conflict with that holding.
The advent and acceptance of the concept of "notice" pleading in civil cases has caused the doctrine of "waiver" to come to be liberally applied to appeals relating to procedural insufficiencies in civil cases. However, due process and explicit constitutional requirements as to notice in criminal cases limit the application of the waiver doctrine to constitutional rights of those accused of crime. Waiver of fundamental rights, such as the right to be charged by information or indictment alleging a criminal offense, is not to be implied from silence, which might result from ignorance, but results only from a record showing an intentional relinquishment of a known right. The record in this case does not show that the accused intentionally and knowingly relinquished his substantive right to an information alleging all facts which the State is required to prove and properly invoking the jurisdiction of the circuit court. Compare the explicit, informed, personal waiver illustrated by the recorded dialogue set forth in State v. Anderson, 537 So.2d 1373 (Fla. 1989), which relates to the State amending a valid information.
Rodriguez correctly requires the State, by allegation, to direct the attention of the accused to the specific three prior DUI convictions which the State intends to rely upon to establish the felony DUI charge. This will prevent the accused from being misled as to what the State intends to prove and as to exactly what prior DUI convictions are involved. This will give the accused an opportunity to prepare a defense, such as that he was not represented by counsel in connection with one or more of specifically alleged prior DUI charges and that, therefore, those convictions cannot be used against him in the present prosecution.[6]

PUBLIC DEFENDER'S LIEN
The State argues that the defendant signed an affidavit of indigency in which he agreed to reimburse the county for costs incurred by the public defender's office. Such an affidavit is insufficient to waive notice and opportunity to be heard in regard to a public defender fee. Bull v. State, 548 So.2d 1103 (Fla. 1989). As this court has said:
The state argues that the affidavit of insolvency signed by the defendant gave sufficient notice that costs would be imposed because it included a statement that at sentencing the court would determine the value of the appointed attorney's fees and costs and that defendant would have an opportunity to be heard. But see Bull v. State, 548 So.2d 1103 (Fla. 1989) (waiver of notice and opportunity to be heard contained in affidavit of insolvency insufficient).
Inclima v. State, 570 So.2d 1034 (Fla. 5th DCA 1990) (emphasis in original). Just as *266 in Inclima, in this case the defendant never received an opportunity to object. The public defender's fee was never mentioned at sentencing.
The facts in this case are more akin to Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990), where the defendant was not given any notice at all before entry of a judgment imposing the costs. The facts in the instant case are distinguishable from those in Bull, where the trial court complied with section 27.56, Florida Statutes, by imposing a public defender's lien at sentencing, and giving the defendant thirty days to object and to ask for a hearing. In the instant case, the defendant was not given any notice prior to the imposition of the public defender's fee in the probation order. See Pitonack v. State, 572 So.2d 1041 (Fla. 4th DCA 1991); see also, McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990).
The supreme court's recent decision in State v. Beasley, 580 So.2d 139 (Fla. 1991), holding that constructive notice of statutorily mandated costs is provided in the statute is inapplicable where section 27.56, Florida Statutes, costs are imposed. In Beasley the court assessed costs pursuant to sections 960.25, 27.3455(1)(a), 943.25(3) and 960.20, Florida Statutes (1989). Those statutes, unlike section 27.56, have no statutorily mandated requirement of notice and an opportunity to be heard. Subsection (7) of section 27.56 states:
The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel. ... (emphasis added).
In Beasley, the supreme court reasoned that notice was provided because publication in the Florida Statutes gives all citizens constructive notice of the consequences of their actions. Unlike the costs imposed in Beasley, the costs imposed under section 27.56 require additional notice to the defendant. Therefore, Beasley is inapplicable to section 27.56.

REVOCATION OF DRIVER'S LICENSE
Section 322.26(3), Florida Statutes, provides that the Department of Highway Safety and Motor Vehicles, not the courts, shall revoke a driver's license where a motor vehicle is used in the commission of any felony. See Stuart v. State, 579 So.2d 864 (Fla. 2d DCA 1991); Hughes v. State, 578 So.2d 50 (Fla. 2d DCA 1991); Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989). However, sections 322.28(2)(a) and (e) provide that the courts, not the Department, shall revoke a driver's license for the offense of driving a motor vehicle while under the influence of alcoholic beverages. A felony DUI would appear to fall within both statutes, thus authorizing the court to revoke under 322.28(2)(a) and (e) and the Department to revoke under 322.26(3). However, because the charging document was insufficient to support a felony DUI conviction, neither the court nor the Department had authority to revoke the defendant's driver's license.

CONCLUSION
The majority opinion is in direct conflict with Rodriguez and Shafer.
The information in this case is adequate to allege a misdemeanor DUI; therefore, the improper felony DUI conviction would normally need only be reduced to a misdemeanor DUI conviction but in this instance, because the circuit court does not have subject-matter jurisdiction to try a misdemeanor unconnected with a felony also charged, the defendant's felony DUI conviction should be reversed.
NOTES
[1] But see, Catete v. State, 585 So.2d 312 (Fla. 2d DCA 1991), reh. pending.
[2] Since the Rodriguez, court did not specifically recede from the Phillips "four corners of the charging document" analysis, it is unclear whether in fact the prior conviction must be pleaded in the charging document when proper due process notice has been given and where the defendant is not embarrassed in the preparation of his defense and where there is no danger of a new prosecution for the same offense.
[1] I concede that Rodriguez did, at least, file a motion to dismiss for lack of jurisdiction complaining about the failure to identify the prior DUI's; Shafer did not do this.
[1] Section 316.193, Florida Statutes, provides in part:

316.193 Driving under the influence, penalties.  (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 percent or higher.
* * * * * *
(2)(b) Any person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
1. Damage to the property or person of another is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
2. Serious bodily injury to another, as defined in s. 316.1933, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] See Toledo v. State, 580 So.2d 335 (Fla. 3d DCA 1991).
[3] In a liberal interpretation of constitutional and statutory requirements this court has held the prosecutor is not required to administer an oath, or personally interview the material witnesses in order to swear to facts alleged in an information but may rely on written statements of witnesses. See State v. Hartung, 543 So.2d 236 (Fla. 5th DCA 1989).
[4] The caption or title of an information is not part of the charging document and references in it should not be considered as a substitute for allegations of "essential facts constituting the offense charged." It is only "in addition" to the allegation of essential facts that the rule requires that each count "recite the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated." Fla.R.Crim.P. 3.140(d)(1).
[5] Art. 1, § 16(a), Fla. Const.; Amendment 6, U.S. Const.
[6] See generally, Hlad v. State, 585 So.2d 928 (Fla. 1991).