COWART, Judge.
This is another case[1] that results from an accusatorial pleading of a DUI charge under section 316.193, Florida Statutes, so vague, indistinct and indefinite as to leave, after conviction, a substantial question as to the level or degree of the offense for which the defendant can be sentenced. Section 316.193(1), Florida Statutes, makes it a criminal offense for a person to drive or be in actual physical control of a vehicle while under the effect of alcohol or certain other chemicals to the extent that his normal faculties are impaired. Section 316.-193(2), Florida Statutes, provides for three levels of punishment as a misdemeanor and one level as a felony depending upon the number of prior convictions for the same offense; while section 316.193(3) also provides for three levels of punishment (one for misdemeanor and two for felony) depending on whether the DUI caused (c)l. damage to property or injury to a person, (c)2. serious bodily injury to another, or (c)3. death of a human being.
The relevant count in the information in this case is as follows:
CHARGE: DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES OR CONTROLLED SUBSTANCE, in Violation of F.S. 316.193 SPECIFICATIONS OF CHARGE: In that DONALD ANTHONY LEONE, on or about July 29,1990, in St. Johns County, Florida, did then and there drive or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage, or any chemical substance set forth in F.S. 877.111, or any substance controlled under Chapter 893, and was affected to the extent that his normal faculties were impaired or while he had a blood alcohol level of 0.10 percent or higher.
The defendant pled nolo contendere to this charge. Based on a guidelines scoresheet the defendant was sentenced to confinement for one year in county jail on the DUI charge. The defendant appeals and argues that he was only charged with, and pleaded to, simple DUI and that there is no pleading, evidence or assertion that he had prior DUI convictions[2] and therefore the statutory maximum sentence for the offense under section 316.193(2)(a)2.a., Florida Statutes, is imprisonment for not more than six months, and therefore, his sentence of one year in county jail is unlawful as exceeding the statutory maximum. The State argues that the defendant’s DUI caused damage to two vehicles and therefore, under section 316.193(3)(c)l., Florida Statutes, he was guilty of a first degree misdemeanor, punishable under section 775.082(4)(a) by imprisonment not exceeding one year.[3]
Count II of the charging document alleging this DUI offense contains no factual allegation of damage to property as is necessary (1) to allege an offense punishable as a first degree misdemeanor under section 316.193(3)(c)l., Florida Statutes, (2) to invoke the subject matter jurisdiction of the court as to that offense, (3) as to comply with due process (Art. 1 § 9, Fla. Const.), (4) as to inform the accused of the nature and cause of the accusation against him as required under Article 1, Section 16, Florida Constitution, or (5) to comply with Florida Rule of Criminal Procedure 3.140(d)(1), which provides that:
Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged.
*31 The statutory offense of DUI causing property damage (§ 316.193(3)(c)l., Fla.Stat.), involves a substantive offense separate from a simple DUI punishable under sections 316.193(2)(a)l.a. and 2.a. See generally State v. Rodriguez, 575 So.2d 1262 (Fla.1991). It is only the allegation that the DUI caused property damage which makes this offense a first degree misdemeanor. The failure of the charging document to allege property damage caused by the DUI means that the defendant was charged with, and pleaded to, only a simple DUI, a second degree misdemeanor, punishable by a maximum of six months in jail. The State’s argument that the other counts of the information can be used to supply the allegations omitted from the DUI count is incorrect. Colwell v. State, 448 So.2d 540 (Fla. 5th DCA 1984).
The defendant’s sentence of one year imprisonment under Count 2 of Case Number CF90-1632 in the circuit court in St. Johns County, Florida, is vacated, and the cause remanded for resentencing on that count under sections 316.193(2)(a)l.a. and 2.a., Florida Statutes.
SENTENCED VACATED; CAUSE REMANDED.
DAUKSCH and SHARP, W., JJ., concur.

. See Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991) and cases cited therein.

. This point distinguishes this case from the "prior offense" issues in Hope v. State, supra, and Shafer v. State, 583 So.2d 417 (Fla. 5th DCA 1991).

. The State also argues that this issue has not been preserved for review because no objection was made to the sentence imposed in the trial court. However, imposition of a sentence in excess of the statutory maximum for the crime charged is fundamental error which can be raised for the first time on appeal. Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984); Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977).