NIMMONS, Judge.
This is an appeal from an order of Leon County Circuit Court finding that the Department of Highway Safety and Motor Vehicles of The State of Florida (Department) applied Section 322.28(2)(a), Florida Statutes (Supp.1984), in an ex post facto manner in violation of the Florida and United States Constitutions. We disagree and reverse.
Morea’s driver's license was suspended by order of the Department after he received a conviction for driving under the influence (DUI) in violation of Section 316.-193, Florida Statutes (1983). Although the incident precipitating this conviction occurred before the 1984 amendments to Section 322.28(2)(a) (the revocation statute), Morea was sentenced after the amendments took effect.[1] The Department issued an order revoking Morea’s driver’s license for ten years because the conviction represented his third alcohol-related driving offense in the past ten years.
Morea brought an action in circuit court to have the order quashed. He argued that the revocation statute in effect at the time of his offense did not confer authority on *1211 the Department to revoke his license because the first alcohol-related offense was under Section 316.028, Florida Statutes (1974 Supp.), which is not specifically enumerated as an offense to be counted towards revocation. The revocation statute as amended includes offenses under the former Section 316.028, Florida Statutes (1974 Supp.), but Morea argued that application to him of the new revocation statute constituted an ex post facto application. We disagree.
The legislative history of Section 322.-28(2)(a), Florida Statutes (1984 Supp.) and related offenses indicates that the 1984 amendment was declaratory of existing law and merely clarified the intent of the legislature. In 1974, the legislature enacted a new statute making it illegal to drive with a blood alcohol level of over 0.10% (DU-BAL). This crime was in addition to the already existing crime of driving while under the influence (DUI). Both these crimes were contained in Section 316.028, Florida Statutes (1974 Supp.). Morea was convicted of the DUBAL crime in 1975. Two years later, in 1977, these crimes were renumbered as Section 316.193, Florida Statutes (1977). The two statutes are identical except for the change in numbering. In that same year, the revocation statute, Section 322.28(2)(a), Florida Statutes (1977), specifically enumerated suspension for both DUBAL and DUI. Under the 1983 statute, DUBAL and DUI are treated the same regarding punishment, and in fact appear together in the same statute, Section 316.193, Florida Statutes (1983). The 1983 revocation statute does not specifically refer to DUBALs and DUIs, but refers only to offenses under Section 316.193.
Although the two offenses were punished differently in 1975, they were renumbered in 1977 and are currently so numbered. In 1977, the revocation statute specifically included DUBALs. It was only after the punishments became the same that the revocation statute referred generically to Section 316.193.
From a reading of this history, it is clear that the legislature intended in 1983 for DUBAL offenses under the prior statutes to be included in considering the mandatory revocation under Section 322.28, Florida Statutes (1983), and that the 1984 amendment of that statute was merely declaratory of such prior intent. See Brooks v. State, 478 So.2d 1052 (Fla.1985) (discussing the propriety of consideration of subsequent legislation in arriving at the proper interpretation of a prior statute); Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla.1985); Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla.1952). See also Barker v. State, 406 So.2d 1089 (Fla.1982).
We, therefore, conclude that the Department did not erroneously revoke Morea’s license. Accordingly, the trial court’s order is
REVERSED.
MILLS and WENTWORTH, JJ., concur.

. Section 322.28(2)(a), Florida Statutes (1983), states, in part:
(3) Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.193 or s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than ten years.

For purposes of this paragraph, a conviction for a violation of former s. 860.01 shall be considered a violation of s. 316.1931.

(Emphasis added.) The 1984 amendment to this statute replaced the above emphasized portion with the following:
For the purposes of this paragraph, a previous conviction outside of this state for a violation of any alcohol-related or drug-related traffic offense substantially similar to the offense of driving under the influence as proscribed by s. 316.193 will be considered a previous conviction for violation of s. 316.193, and a conviction for violation of former s. 316.028 or former s. 860.01 is considered a conviction for violation of s. 316.193 or s. 316.1931, respectively.