497 So.2d 1332 (1986)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES of the State of Florida, Petitioner,
v.
Ronald James BENDER, Respondent.
No. 86-169.
District Court of Appeal of Florida, Second District.
November 26, 1986.
*1333 Enoch J. Whitney, Gen. Counsel, Tallahassee, and Suzanne G. Printy, Asst. Gen. Counsel, Tallahassee, for petitioner.
Robert L. Paver, St. Petersburg, for respondent.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles of the State of Florida seeks review of a circuit court order which prohibited the Department from revoking for ten years the driver's license of Ronald James Bender. We grant the Department's petition for certiorari and quash the order.
In 1976 Bender was first convicted of driving while under the influence of intoxicants (DUI), a violation of section 316.028, Florida Statutes (1975). In 1977 Bender was again convicted for violating section 316.028. When, on September 24, 1984, he received his third DUI conviction, that offense had been renumbered to appear as section 316.193, Florida Statutes (1983). Notwithstanding this mere renumbering of the offense, the county court concluded that the September 24, 1984, conviction was only Bender's first conviction for violating section 316.193, Florida Statutes (1983). The county court thereupon ordered Bender's license revoked for "not less than 180 days or more than one (1) year."
Differing with the county court, the Department considered Bender's September 24, 1984, conviction to be his third DUI conviction and applied section 322.28(2)(a)3, Florida Statutes (1983), which specifies that upon a third DUI conviction, the driver's license of the offender must be revoked for not less than ten years. Accordingly, on December 27, 1986, the Department revoked Bender's license for ten years.
Bender filed a petition for certiorari in circuit court challenging the Department's authority to revoke his license for ten years because, at the time of his third offense, section 316.028 was not specifically enumerated in section 322.28(2)(a)3 for the purpose of determining a driver's license revocation. Therefore, Bender contended, the Department could not consider his two prior convictions for violation of section 316.028. The circuit court agreed with Bender and quashed the Department's order thereby preventing it from revoking Bender's license for more than one year.
The circuit court construed section 322.28 as penal in nature and, as such, found that it must be strictly construed against the Department. The court reasoned that since section 316.028 was not specifically enumerated as an offense to be counted toward revocation in section 322.28 at the time of Bender's third DUI conviction, the Department lacked authority to revoke Bender's drivers' license for ten years.
The Department argues that section 322.28 is not penal in nature but rather is designed to protect the public from drunken drivers and should be liberally construed to further the public safety purposes of the *1334 statute. The Department notes that on October 1, 1984, shortly after Bender's third conviction for DUI, the legislature included section 316.028 within section 322.28. § 322.28(2)(a), Fla. Stat. (Supp. 1984). The Department contends that that amendment was declaratory of existing law and only expressed the legislature's prior intent and long-standing public policy concern  to protect the public.
We agree that section 322.28 is not penal in nature but rather was designed to protect the public. State of Florida, Department of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986). Indeed, chapter 322 must be "liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety." § 322.42, Fla. Stat. (1983).
The offense of DUI is the same before and after section 316.028 was renumbered to section 316.193 of our statutes. Compare § 316.028, Fla. Stat. (Supp. 1974), with § 316.193, Fla. Stat. (1977); see also Department of Highway Safety & Motor Vehicles v. Morea, 491 So.2d 1210 (Fla. 1st DCA 1986). The legislature has consistently indicated its intent to provide greater protection to the public from persons who had accumulated multiple DUI convictions. The legislature merely clarified and underlined that intent when it added section 316.028 to section 322.28 on October 1, 1984. Morea, 491 So.2d at 1211. Such a declaration of existing law is both logical and reasonable. Obviously, the public is more susceptible to harm from one who has a pattern of driving under the influence. It is the substance of the offense which gives concern, not whatever number the statutory reviser has assigned to it. It would be unreasonable to say that the public's right to such protection can be diminished because of a change in the enumeration of the statute which proscribes the offending conduct. Clearly, Bender was convicted three times in ten years for the offense of driving under the influence. It is the duty of the courts, and the Department, to follow the provisions of section 322.28(2)(a)3, Florida Statutes (1983). Vogt.
We grant the petition for certiorari, quash the order of the circuit court, and reinstate the Department's order revoking Bender's driver's license for ten years.
DANAHY, C.J., and RYDER and SANDERLIN, JJ., concur.