FRANK, Judge.
The Department of Highway Safety and Motor Vehicles has appealed from an order granting declaratory relief to the plaintiff John Spells, and finding that the Department of Motor Vehicles had improperly revoked Spells’ driver’s license for a period of ten years. We reverse.
Spells was convicted for the offense of driving with an unlawful blood alcohol level (DUBAL) on two occasions in 1976 and 1977, in contravention of section 316.028, Florida Statutes (1975). On October 1, 1977, that section was renumbered to section 316.193.
On June 29, 1984, Spells was convicted for driving while under the influence of intoxicants (DUI), a violation of section 316.193, Florida Statutes (1983). In addition to ordering him to pay fines and court costs, the court also revoked Spells’ license for a period of one year. After notification of this conviction the Department of Highway Safety and Motor Vehicles issued an order revoking Spells’ license for a period of ten years, effective June 29, 1984, under the authority of section 322.28(2)(a)3, Florida Statutes (1983). For some unexplained reason the Department did not mail Spells notification of its action until August 30, 1984. Almost one year later, on August 5, 1985, Spells filed his petition for declaratory relief. The judge, granting the petition, ordered reinstatement of Spells’ license.
We have recently considered an almost identical factual setting in Department of Highway Safety and Motor Vehicles v. Bender, 497 So.2d 1332 (Fla. 2d DCA 1986). Bender had also been convicted of two violations of section 316.028, Florida Statutes (1975). Upon a third DUI conviction in 1984, after section 316.028 had been renum *21 bered to section 316.193, the trial court revoked Bender’s license for an indeterminate period not to exceed one year. The Department, however, revoked Bender’s license for ten years. Bender challenged that determination in the circuit court, which quashed the Department’s revocation order. On appeal this court reversed.
The fundamental principles underlying our opinion in Bender operate here as well. Section 316.193 is nothing more than a renumbered version of section 316.028; the offense of DTJI remains the same; and therefore offenses under both statutes are included within the scope of section 322.-28(2)(a)3, which requires:
Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.-193 or 316.1931 or a combination of such sections, the driver’s license or driving privilege shall be revoked for not less than 10 years.
See also Department of Highway Safety and Motor Vehicles v. Morea, 491 So.2d 1210 (Fla. 1st DCA 1986).
Spells contends that the language of section 322.28(b) supports his theory that a court may impose a lesser period of revocation and that the Department may not usurp that function: “If the period of revocation was not specified by the court at the time of imposing sentence or within 30 days thereafter, the department shall revoke the driver’s license or driving privilege for the maximum period applicable ...” (emphasis added). Spells’ contention is that the department’s ability to revoke a license is activated only when the court has not specified a period of revocation. The court’s duty, however, is unmistakably mandated by section 322.28(2)(a), which specifically provides that the court, upon the driver’s conviction, shall revoke the license for the required period. Section 322.28(2)(b) is intended to meet only the situation in which the court has neglected its duty to revoke the license and not those cases in which the court has evaded the statutory mandate by imposing a lesser revocation period.
We have held in both Bender and in State, Department of Highway Safety and Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986), that the purpose of section 322.28 is to protect the public from intoxicated drivers and not to punish the offenders. Therefore, revocation periods must be strictly applied to accomplish that end.
The only other problem worthy of our attention in this case concerns the delayed mailing of the revocation notice by the Department to Spells. The result of this delay was to cut off Spells’ right to seek certiorari review of the department’s actions in the circuit court pursuant to section 322.31, Florida Statutes; the 30 day time limit within which to seek such review is jurisdictional. See Fla.R.App.P. 9.020(g) and 9.100(c); State, Department of Highway Safety and Motor Vehicles v. Joannou, 353 So.2d 164 (Fla. 3d DCA 1977). As pointed out by the Department, however, review under section 322.27(5) remained open to the appellant. He could have appeared before a departmental hearing officer to demonstrate in a formal administrative hearing why his license should not have been revoked. If aggrieved by the Department’s decision, the appellant could have then sought certiorari review in the circuit court under section 322.31. The Department’s mistake, therefore, did not deprive him of the procedural due process provided by law.
For the foregoing reasons we reverse the declaratory judgment and reinstate the Department’s order revoking Spells’ license for ten years.
DANAHY, C.J., and LEHAN, J., concur.