578 So.2d 50 (1991)
Robert Mark HUGHES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-01473 to 89-01476, 89-01492, 89-01494 and 89-01496.
District Court of Appeal of Florida, Second District.
April 19, 1991.
James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The sole point raised in each of these appeals is whether the trial court had the authority to revoke the appellant's driver's license as part of his sentence. We agree with the appellant that the trial court lacked such authority. The correct procedure in cases like these is for the trial court to forward the record of the conviction and the factual basis showing the use of a motor vehicle in the commission of a felony to the Department of Highway Safety and *51 Motor Vehicles. It is then the Department's responsibility to revoke the driving license privilege of the convicted. Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989); § 322.26(3), Fla. Stat. (1987).
Accordingly, we affirm the appellant's convictions and sentences but vacate that portion of his sentences dealing with the court imposed suspension of his driver's license. We remand these cases to the trial court for further proceedings in compliance with section 322.26, Florida Statutes (1987).
SCHEB, A.C.J., and THREADGILL and PARKER, JJ., concur.