SCHEB, Acting Chief Judge.
The defendant, Charles S. Stuart, appeals his conviction and sentence for second-degree murder. We have examined his arguments and find merit in only one. In addition to sentencing him to 12 years’ incarceration and 10 years’ probation, the trial court suspended his driver’s license for the probationary period. We agree that the trial court lacked authority to suspend or revoke the defendant’s license.
As we have previously explained, the correct procedure is for the trial court to forward the record of the conviction and the factual basis showing the use of a motor vehicle in the commission of the felony to the Department of Highway Safety and Motor Vehicles. It is then the Department’s responsibility to revoke the driving license privilege of the convicted. See § 322.26(3), Fla.Stat. (1987); Hughes v. State, 578 So.2d 50 (Fla. 2d DCA 1991); Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989).
Accordingly, we affirm the defendant’s conviction and sentence but vacate that portion of his sentence suspending his driver’s license. We remand to the trial court for further proceedings in compliance with section 322.26(3).
LEHAN and HALL, JJ., concur.