PER CURIAM.
Luis Garcia was charged with first degree murder, and since he was initially found to be incompetent to stand trial, he was committed to the Department of Children and Families. He was placed by the Department at the South Florida Evaluation and Treatment Center (SFETC) for treatment. On Febru *1343 ary 6, 1998, a full evidentiary competency hearing was held by the trial court, at which the court found Garcia competent to stand trial. As such, the Department argued that, since he was now competent, SFETC was without legal authority to hold Garcia. The Department requested that Garcia be transported to jail pending his criminal trial. However, the trial court ordered that Garcia remain in the custody of SFETC pending trial. On February 9, 1998, the Department filed a Motion for Reconsideration, which was denied by the trial court on March 6, 1998. The Department has now petitioned this court for a Writ of Certiorari directed to the trial court’s order. See generally, Department of Health and Rehabilitative Services v. Myers, 696 So.2d 863 (Fla. 4th DCA 1997) (recognizing the appropriateness of a Writ of ■Certiorari, where governmental entities, who were non-parties to the underlying criminal proceeding would suffer irreparable harm). For the following reasons, we grant the petition.
Section 916.106(5), Florida Statutes (1997) provides that a forensic facility, such as SFETC, is a “separate and secure facility established within the department for the treatment of forensic clients.” Section 916.106(4), Florida Statutes (1997) defines a forensic client as a “mentally ill person ... (b) Who has been found incompetent to stand trial ...” Therefore, once Garcia was adjudicated competent, he no longer met the statutory criteria for a forensic client, and SFETC was therefore without the authority to hold him. The trial court’s “supervisory powers” do not permit it to alter the statutory requirements for placement in a forensic facility.
Based on the foregoing, we find that the lower court departed from the essential requirements of law. We therefore grant cer-tiorari, and quash that portion of the trial court’s order which directed the department to continue to hold a competent individual in a forensic facility, thus allowing Garcia to be transported back to the county jail facility to await his trial date.