COBB, J.
The Department of Children and Families has filed a petition for writ of certiora-ri seeking review of a circuit court order adjudging the respondent, Wayne Wesley Oehlerking, incompetent to stand trial and committing him to the Department. The petition challenges the order on three bases that: (1) it fails to contain adequate findings that the respondent meets the criteria for involuntary commitment, (2) it does not specifically find that all less restrictive alternatives were appropriate; and (3) it fails to find that there is a substantial probability that the respondent would respond to treatment so as to regain competency to stand trial. The Department seeks remand to the trial court for specific findings of fact.
The circuit court order sought to be reviewed was rendered on October 11, 2000, and the instant petition was not filed until December 15, 2000, sixty-five days after rendition of the order. This court therefore issued an order to show cause why this petition should not be dismissed as untimely pursuant to Florida Rule of Appellate Procedure 9.100(c). See Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982).
In response, the Department asserts that it was not a party to the criminal proceeding and did not receive notice of this order until November 27, 2000 “when the admission package was received by the central admissions office of the department.” The Department argues that since it was a non-party below, equity should require that the 80-day period for it to seek certiorari review should only begin to run “upon the first actual notice of the order to the Department and not upon rendition of the order.” The Department also argues that since the trial court’s order is a non-final one that entails a continuing duty of custody and treatment on the part of the Department, which duty does not commence until the actual admission date of the defendant to a Department facility, the proceedings are akin to a habeas corpus proceeding and there should be no time limit for the Department to seek review during the length of the commitment. The Department also observes that a number of Florida cases have held that certiorari is an appropriate means for the Department to seek review in such matters. See State, Dept. of Children & Families v. Garcia, 711 So.2d 1342 (Fla. 3d DCA 1998); State, Dept. of Health and Rehabilitative Services v. Myers, 696 So.2d 863 (Fla. 4th DCA 1997); State, Dept. of Children & Families v. Morrison, 727 So.2d 404 (Fla. 3d DCA), rev. denied, 741 So.2d 1136 (Fla.1999).
We find several problems with the arguments presented by the Department. Initially, the issues which the Department attempts to raise in this petition, unlike the cases cited above, are issues which can only be raised by the state, not by the Department. See Florida Rule of Appellate Procedure 9.140(c)(1)(H), which provides that in a criminal case, the state may appeal an order finding a defendant incompetent. The state, as a party to the criminal proceeding, did not challenge the order by a timely appeal. Certainly the Department cannot do so in a belated fashion since it could not have done so in a timely fashion.
Moreover, even had the Department raised legitimate issues within its province of concern (e.g., specific placement of Oeh- *1019 lerking in a particular facility,[1] an order directing it to retain custody after an adjudication of competency,[2] or an assessment of costs for treatment against the Department[3]) we believe that the proper course for the Department, a non-party, would be to seek recourse, at least initially, in the trial court via a motion to intervene.
PETITION DENIED.
PETERSON and GRIFFIN, JJ., concur.

. See Morrison.

. See Garcia.

. See Meyers.