ON MOTION FOR REHEARING

PER CURIAM.
This Court previously denied petitioner Florida Department of Children and Family Services’ Emergency Motion for Stay Pending Review and their Petition for Writ of Prohibition seeking to vacate a trial court order committing respondent Miguel Rubio to the custody of the Department. Upon consideration of petitioner’s motion for rehearing, the motion is denied.
Three experts examined Rubio in order to determine his competency to stand trial. Dr. Lloyd Miller determined that Rubio was probably mentally competent to participate in legal proceedings, but due to his worsening depressive condition, Rubio may be considered to be mentally incompetent and qualify for placement in a mental hospital for treatment. Dr. Sonia Ruiz determined that Rubio was competent to stand trial, but should be hospitalized for psychiatric care and treatment. Dr. Jane Ansley determined that Rubio was not competent and met the criteria for involuntary inpatient psychiatric hospitalization, but could be restored to competency with appropriate treatment.
The trial court found that Rubio was competent to stand trial, but his continued competence depended on an appropriate course of treatment which Rubio could not receive in jail. Accordingly, the trial court remanded Rubio into the custody of the Department so that his competency could be assured at the time of trial. The trial court based its order on Florida Rule of Criminal Procedure 3.212(c)(2) and chapter 916, Florida Statutes (2003).
Rule 3.212(c) states that, “[i]f the court finds ... that the defendant is competent to proceed but that the defendant’s competence depends on the continuation of appropriate treatment for a mental illness or mental retardation, the court shall consider issues relating to treatment necessary to restore or maintain the defendant’s competence to proceed.” Rule 3.212(c)(2) allows the court to order the defendant transferred from current detention to another facility for treatment. The trial court made the requisite findings that no *851 less restrictive treatment alternatives existed or were adequate for Rubio.
Chapter 916 regulates the involuntary commitment of a defendant who has been adjudicated incompetent or one who has been found not guilty by reason of insanity. In State v. Garcia, 711 So.2d 1342, 1343 (Fla. 3d DCA 1998), this Court held that once a formerly incompetent defendant was adjudicated competent, he can no longer be held in a forensic facility because he no longer meets the statutory criteria for a forensic client. The Garcia court did not address the case of a defendant whose competence depends on treatment at a forensic facility.
Rubio has not been declared competent unconditionally; he remains competent only because he receives treatment. To order him removed from the Department’s custody will likely initiate a merry-go-round of competency hearings, which will indefinitely postpone Rubio’s trial.
The trial court, therefore, did not exceed its authority because rule 3.212 allows the trial court to order the necessary treatment for a defendant whose competence depends on that treatment.