891 So.2d 1071 (2004)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Deborah BRANDENBURG, Appellee.
No. 5D04-349.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Rehearing Denied January 31, 2005.
*1072 Enoch J. Whitney, General Counsel, and Jason Helfant, Assistant General Counsel, Miami, for Appellant.
No Appearance for Appellee.
SHARP, W., J.
The Department of Highway Safety and Motor Vehicles appeals from an order of the county court which required the Department to revoke Deborah Brandenburg's driver's license, effective nunc pro tunc, to a date different than that of her conviction for DUI, pursuant to section 316.193. The court also certified the following questions as being ones of great public importance:
DOES THE REVOCATION OF A DEFENDANT'S DRIVER'S LICENSE PURSUANT TO FLORIDA STATUTE 322.28(1)(a)(1) FROM THE DATE OF CONVICTION AS PART OF A SENTENCE VIOLATE EQUAL PROTECTION OR DUE PROCESS LAWS OR DOUBLE JEOPARDY OR THE SEPARATION OF POWERS UNDER THE STATE AND FEDERAL CONSTITUTIONS WHEREIN THE DEFENDANT HAS ALREADY SERVED A DRIVER'S LICENSE SUSPENSION AS A RESULT OF HER ARREST FOR DUI PURSUANT TO FLORIDA STATUTE 322.2615 PRIOR TO TRIAL?
We accepted discretionary jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160. We answer the question as to double jeopardy as "no" and decline to address issues concerning equal protection, due process and separation of powers because they were not argued to the county court and they are not fully briefed on appeal.[1] In addition, the appellee, Brandenburg, has elected not to file a brief in this cause. We reverse the county court's requirement that the period of revocation run nunc pro tunc to a date other than the date of Brandenburg's conviction.
The facts in this case are not in dispute. Brandenburg was arrested on November 5, 2002 for driving under the influence of alcohol or drugs.[2] It was her first offense for DUI. The arresting officer suspended her license for 180 days, pursuant to section 322.2615(1)(a). The statute provides:
A law enforcement officer or correctional officer shall, on behalf of the Department, suspend the driving privilege of a person who has been arrested by a law enforcement officer for a violation of s. 316.193, relating to unlawful blood-alcohol level or breath-alcohol level, ...
The statute further provides the required times for the suspension. In this case, a first offense, the time was a period of six months.[3]
On October 10, 2003, Brandenburg pled nolo contendere, and was convicted of DUI. She was sentenced to twelve months on probation, and the court also provided that her driver's license be revoked for six *1073 months, nunc pro tunc to November 17, 2002. After her conviction, the Department, which was not a party to the criminal case, suspended Brandenburg's license, acting pursuant to section 322.28(2)(b). That statute provides:
If the period of revocation was not specified by the court at the time of imposing sentence or within 30 days thereafter and is not otherwise specified by law, the department shall forthwith revoke the driver's license or driving privilege for the maximum period applicable under paragraph (a) for a first offense....
In turn, subsection (2)(a) provides maximum and minimum times for which a license must be revoked for first convictions, second convictions, and third convictions. That section states:
(2) In a prosecution for a violation of s. 316.193 or former s.316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
For a first conviction not involving a death, the period specified is not less than 180 days and the maximum time is one year. The Department suspended Brandenburg's license for six months, commencing from the date of her conviction.
The effect of the Department's suspension was contrary to the county court's order on sentencing, because it ignored and had the effect of obviating the nunc pro tunc provision of the court's sentencing order. Brandenburg filed a motion for an order to show cause why the Department should not comply with the court's order and the court ordered the Department to show cause why it should not be held in contempt for a violation of the court's order. A hearing was held and the court ruled it would hold the Department in contempt if it did not remove the six month license suspension effective from the date of the conviction, rather than November 17, 2002. The Department agreed to do so in lieu of being held in contempt and brought this appeal.
Initially, we make clear we do not condone the Department's disregard of the court's order in this case.[4] Defying a court order is egregious conduct.[5] There are other procedural mechanisms that should have been resorted to by the Department to resolve the discrepancies.[6] The Department also claims in its brief that it "suspended" Brandenburg's license and thus did not contradict the court's order calling for "revocation." However, at oral argument, the Department conceded that in this context, the words "suspension" and "revocation" have the same effect and meaning and appear to have been used in section 322.28 as interchangeable terms.[7]
*1074 We conclude that the statutory scheme of sections 322.28 and 322.2615 establish two different time periods a driver's license must be suspended or revoked; upon arrest, and upon conviction. Under section 322.2615, the arresting officer must initially suspend a driver's license, as in this case, for a period of six months commencing from the date of the arrest. That section also deals with issuing a temporary permit, reporting to the department, issuing a formal notice of suspension, providing for informal and formal reviews to overturn the arrest, and appeals  none of which are involved in this case.
These are purely administrative requirements and procedures. They are designed to be separate from, and independent of, any criminal proceeding against the driver. The statute makes clear that findings by the department and written statements by the driver in connection with the administrative hearings and proceedings authorized by this section, are not admissible in evidence in any criminal trial arising out of the same incident or episode and that "[t]he disposition of any related criminal proceedings shall not affect a suspension imposed pursuant to this section."[8]
Section 322.28 deals with administrative requirements in the event the arrest and suspension under section 322.2615 are not challenged or overturned, the case goes forward to trial, and a conviction results. Like section 322.2615, this section mandates a period of suspension or revocation of the convicted driver's license. For a first conviction, as in this case, the statute requires that the court "along with imposing sentence,...."[9] shall revoke the driver's license "for not less than 180 days or more than 1 year."[10] The court is given some discretion in these instances, as to the time of revocation. But it has no discretion as to the requirement to revoke, "upon conviction" and not nunc pro tunc to date of the arrest or some other date, thereby as in this case, wiping out this additional required period of revocation or suspension.
The statute also contemplates the situation in which a trial court does not address this required revocation period, perhaps through inadvertence or misunderstanding. In those cases, the Department, "if the period of revocation was not specified by the court"[11]shall forth with revoke the driver's license ... for the maximum time provided in subsection (a)." In this case, it would have been for one year, commencing with the conviction date. However, since the court did provide for a "revocation" period of 180 days, albeit nunc pro tunc, the Department could not have imposed this maximum period of revocation. As noted above, under the circumstances of this case, the Department should have filed motions to intervene in the criminal proceeding to correct the determination that the 180 days or 6 month revocation period was to run from date of the defendant's arrest or some date other than the date of conviction.
We also agree with the Department that the two different periods for suspension and revocation of driver's licenses provided for in the statutes do not violate double jeopardy.[12] That concept applies to double or multiple criminal punishments.[13] *1075 The two statutes discussed above, sections 322.28 and 322.2616, are not criminal statutes and they do not impose criminal punishments.[14] Section 316.193, entitled "Driving under the influence, penalties," is the criminal statute which provides criminal penalties for this DUI offense, including fines. Sections 322.28 and 322.2616 are purely administrative provisions, and the requirements they impose fall within the Legislature's constitutional power to insure public safety on the highways. See Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957); McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996); Dept. of Highway Safety & Motor Vehicles v. Degrossi, 680 So.2d 1093 (Fla. 4d DCA 1996).
Section 322.2615(15) recognizes that multiple periods of suspension, on arrest, should not be imposed if a person is arrested under both section 322.2615 and 322.2616, entitled "Suspension of license: persons under 21 years of age; right to review." However, the Legislature clearly has mandated two periods for suspension or revocation of driver's licenses in the context of DUI arrests and subsequent convictions. They may or may not overlap, but they are being imposed for two different events: arrest and conviction.
REVERSED and REMANDED for correction of the revocation order.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] See Chaachou v. Chaachou, 135 So.2d 206 (Fla.1961); McKinzie v. State, 845 So.2d 316 (Fla. 1st DCA 2003); State v. Schell, 211 So.2d 581 (Fla. 2d DCA 1968); Weisman v. Weisman, 141 So.2d 622 (Fla. 3d DCA 1962)(deemed waived).
[2] § 316.193, Fla. Stat.
[3] See § 322.2615(1)(b)1.b., Fla. Stat.
[4] This commentary is not directed at the Department's legal staff, who acted immediately upon being served with a summons and a motion for contempt. Rather, it is directed at administrative personnel, who failed to turn this order, which deviated from the norm, over to the legal staff.
[5] See J.B. Muros Corp. v. International Mall, Inc., 534 So.2d 818 (Fla. 3d DCA 1988); Zanathy v. Beach Harbor Club Ass'n, Inc., 343 So.2d 625 (Fla. 2d DCA 1977).
[6] See Dept. of Children & Families, 782 So.2d 1017 (Fla. 5th DCA 2001)(intervention); Florida Rule App. Proc. 9.160. See also Florida Rules of Crim. Proc. 3.800; 3.850.
[7] The heading of section 322.28 reads: "Period of suspension or revocation." Subsection (1) reads:

"Unless otherwise provided by this section, the department shall not suspend a license for a period of more than one year, and upon revoking a license in any case...."
The remainder of the statute refers to revocation.
[8] § 322.2615(14), Fla. Stat.
[9] § 322.28(2)(a), Fla. Stat.
[10] § 322.2892(a)1., Fla. Stat.
[11] § 322.28(2)(b), Fla. Stat.
[12] See Davidson v. MacKinnon, 656 So.2d 223 (Fla. 5th DCA 1995).
[13] Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).
[14] Dept. of Highway Safety & Motor Vehicles v. Spells, 502 So.2d 19 (Fla. 2d DCA 1986); Hughes v. State, 578 So.2d 50 (Fla. 2d DCA 1991); Stuart v. State, 579 So.2d 864 (Fla. 2d DCA 1991); Dept. of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168, 1170 (Fla. 2d DCA 1986).