STONE, Judge.
In Hauss v. State, 574 So.2d 1141 (Fla. 4th DCA 1991), the appellant’s conviction and sentence for felony D.U.I. was reversed because Hauss’ three previous D.U.I. convictions were not alleged in the information. This result was mandated by State v. Rodriguez, 575 So.2d 1262, 1264 (Fla.1991).
In Hauss I, this court directed the trial court to “enter an adjudication of first offense D.U.I. and to resentence the defendant, accordingly.” On remand, however, *784 the trial court failed to vacate the conviction and sentenced appellant to 12 months in jail and payment of a fine of $2,500. This sentence exceeds the maximum sentence allowed by law for a first offense D.U.I. Section 316.193(2)(a), Fla.Stat. (1989).
The state acknowledges that this sentence is illegal and argues only whether the illegal sentence should be remedied by this direct appeal or pursuant to Florida Rule of Criminal Procedure 3.800(a). However, it is well established that a sentence resulting in excessive incarceration constitutes fundamental error remediable by direct appeal. E.g. Wickett v. State, 467 So.2d 430 (Fla. 4th DCA 1985).
We recognize that the trial court, notwithstanding the explicit wording of our prior opinion, may have believed that the longer misdemeanor sentence was permissible because the defendant had at least three D.U.I. convictions. However, it is clear that the court in Hauss I was using the remand instructions utilized by the supreme court in Rodriguez, in which that court mandated that on remand Rodriguez was to be sentenced as a first time offender. Here, the state does not question the necessity for such a limited sentence. Therefore, we do not address that issue further.
Therefore, the sentence is reversed. We remand for resentencing.
LETTS and POLEN, JJ., concur.