PER CURIAM.
These are two appeals — one by the state and one by the defendant — which we have consolidated. Each appeal involves a question certified by the county court over which we accept discretionary jurisdiction. The state’s appeal also contains another issue, not involving a certified question, arising out of the trial court’s failure to revoke the defendant’s driver’s license for five years. We affirm the defendant’s appeal; affirm in part and reverse in part the state’s appeal and remand.
The defendant was charged with misdemeanor DUI by an information which pled the statutory alternatives of impairment or having a blood alcohol level of .08 percent or above, contrary to section 316.193(1), Florida Statutes. He pled guilty to the court without a negotiated settlement and later was permitted to change his plea to no contest, reserving his right to appeal the legality of his sentence.
The factual basis asserted for the plea included the police officer’s observations of impairment; that the defendant’s blood alcohol level at about two hours after the arrest was tested at .164, .204 and .201; and that he was previously convicted of DUI in Kentucky in 1994. The defendant accepted the factual basis except for the prior DUI conviction, but over his objection, the trial court took judicial notice of the defendant’s Kentucky driving record which showed the prior DUI.
The state argued that the court was required to impose statutorily mandatory enhanced penalties based on the defendant’s prior DUI conviction and blood alcohol level (“BAL”) of .20 percent or above. The defendant disagreed on the basis that the information charged neither the prior DUI conviction nor the .20 percent or above BAL.
The trial court’s conclusion that the allegation of .20 percent or above BAL was a necessary element which needed to be alleged in the information was predicated upon fundamental due process notice requirements and the belief that the level of the defendant’s BAL was for the jury to determine.
However, the trial court concluded that the prior DUI conviction was not an essential element of the crime charged because it was not a fact against which the defendant must defend, unlike the .20 percent BAL. It reasoned that the one prior DUI conviction did not elevate the crime beyond a second degree misdemeanor; that the enhanced penalties for repeat misdemeanor DUI’s was not discretionary; and that the defendant was charged with knowledge of the legislative mandate. Therefore, the trial court determined that the prior DUI conviction did not need to be included in the information.
The defendant was adjudicated guilty of DUI, second offense within three years, and received sixty days in jail, one year probation, a $500 fine, a three year driver’s license suspension and several other DUI conditions.
The trial court certified two questions of great public importance:
I. WHETHER THE STATE MUST ALLEGE THE EXISTENCE OF A PRIOR DUI CONVICTION IN THE CHARGING DOCUMENT FOR A *1066 SUBSEQUENT MISDEMEANOR DUI BEFORE A DEFENDANT CONVICTED OF SAME BE SENTENCED WITH ENHANCED PENALTIES AS SET FORTH IN SECTION 316.193(2), FLORIDA STATUTES.
We modify that question to read:
WHETHER THE STATE MUST ALLEGE PRIOR DUI CONVICTIONS IN THE CHARGING DOCUMENT BEFORE A DEFENDANT, CHARGED AND CONVICTED OF MISDEMEANOR DUI, CAN RECEIVE AN ENHANCED MISDEMEANOR DUI PENALTY UNDER SECTION 316.193(2)(a), FLORIDA STATUTES.
As modified, we answer the question in the negative.
II. WHETHER THE STATE MUST ALLEGE THE EXISTENCE OF A BLOOD OR BREATH ALCOHOL READING OF 0.20% OR GREATER IN THE CHARGING DOCUMENT THEREBY REQUIRING A DEFENDANT CONVICTED OF SAME BE SENTENCED WITH ENHANCED PENALTIES AS SET FORTH IN SECTION 316.193(4), FLORIDA STATUTES.
We grant the state’s request and modify this question to read:
WHETHER THE STATE MUST ALLEGE IN THE CHARGING DOCUMENT THE EXISTENCE OF A BLOOD OR BREATH ALCOHOL LEVEL OF .20 PERCENT OR ABOVE, OR THE ACCOMPANIMENT OF A MINOR IN THE VEHICLE, IN ORDER TO SENTENCE A DEFENDANT CONVICTED OF DUI TO ENHANCED PENALTIES UNDER SECTION 316.193(4), FLORIDA STATUTES.
As modified, we answer the question in the affirmative.
/

The Defendant’s Appeal

A person convicted of DUI without property damage or injury to a person is guilty of a second degree misdemeanor. See §§ 316.193 & 775.081(2), Fla.Stat. (1993). However, upon a person’s fourth or subsequent DUI conviction, the person is guilty of a third degree felony. See § 316.193(2)(b), Fla.Stat. (1993). Although the level or degree of crime does not rise from a second degree misdemeanor until the fourth conviction (absent property damage or injury to a person), the statutorily mandated penalty does increase with each of the first three convictions. See § 316.193(2)(a), Fla.Stat. (1993).
It is well settled that the existence of three or more prior DUI convictions is an essential element of felony DUI and therefore must be asserted in the document charging felony DUI. State v. Rodriguez, 575 So.2d 1262, 1265 (Fla.1991). In so finding, the Rodriguez court explained that the charging document must allege the essential facts against which the defendant must defend, in other words, “the essential facts constituting the offense charged.” Id. at 1264; see also Fla.R.Crim.P. 3.140(b). The court reasoned that, unlike the habitual offender statute, the felony DUI statute creates a substantive offense. Like the felony petit larceny statute, the existence of three or more prior DUI convictions elevates the degree or level of the crime. Analogizing to the felony petit larceny statute, the court concluded that “the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI,” and therefore must be alleged in the charging document. Id. at 1265.
After a jury verdict on the DUI charge, evidence of the three or more prior DUI’s must be presented to the court in a proceeding with rights of confrontation and cross-examination. Id. at 1266. Before entering a conviction for felony DUI, the court must conclude that the three or more prior DUI’s have been established beyond a reasonable doubt. Id. In Rodriguez, the court reversed a felony DUI conviction because the information did not assert the existence of any prior DUI convictions. Id. at 1266-67. Although the record did not contain sufficient evidence of any prior DUI convictions, it did contain sufficient evidence to support a first-offense DUI conviction. Id. at 1267. There *1067 fore, the court ordered that the defendant be resentenced for a first-offense DUI conviction. In the present appeal, the defendant maintains that Rodriguez is equally applicable when prior DUI convictions are used to enhance a misdemeanor penalty; therefore, he should be resentenced to a first-offense penalty.
The state, on the other hand, maintains that one or two prior DUI convictions are not essential elements of misdemeanor DUI because they affect only the penalty imposed and not the degree or level of the crime, as do three prior DUI convictions. For this reason, the state contends that Rodriguez is not controlling and one or two prior DUI convictions need not be alleged in the charging document.
This issue was touched upon, but not resolved, in Hauss v. State, 592 So.2d 783 (Fla. 4th DCA 1992) (“Hauss II”), which was before this court after remand to the trial court by Hauss v. State, 574 So.2d 1141 (Fla. 4th DCA 1991) (“Hauss I”). The state in Hauss I did not question whether an enhanced misdemeanor sentence, rather than a first offense sentence, could be applied if there was sufficient record evidence of prior convictions, even though such priors were not alleged in the information. Thus, the Hauss II court declined to address the issue.
Florida’s Tenth Circuit, acting in its appellate capacity, has squarely addressed this issue and found the state’s position convincing. It concluded that “a prior [DUI] conviction is not an element of the crime of DUI and is not required to be set forth in the information except when the prior conviction or convictions cause the new charge to amount to a felony DUI charge. Here the prior conviction related only to sentencing, not to the offense itself.” McAdam v. State, 2 Fla.L.Weekly Supp. 317 (Fla. 10th Cir.Ct. 1994); accord Anderson v. State, 1 Fla.L.Weekly Supp. 555 (Fla. 10th Cir.Ct.1993).
In answering the first certified question, we analogize to one aspect of the habitual offender statute. See § 775.084, Fla.Stat. (1993). Both the habitual offender and DUI statutes provide for increased penalties based on prior convictions which are outside of the charged crime; yet neither elevates the degree or level of crime charged. There is no requirement that prior convictions be alleged in the charging document in order to habitualize a defendant. Likewise, we conclude that prior DUI convictions need not be charged in order to impose an enhanced DUI misdemeanor penalty.
We recognize, but are not troubled by, a difference in the habitual offender statute, which application is discretionary, and the DUI statute, which must be mandatorily applied. In our view, it is the discretionary nature of the habitual offender statute which dictates the need for additional notice to a defendant. In contrast, the enhanced penalties to be imposed upon subsequent convictions are statutorily mandated for DUI; and the defendant, in our view, is charged with notice of the statute.
Accordingly, we conclude that the state should not be required to allege prior DUI convictions in the charging document where the prior convictions affect only the enhanced misdemeanor penalty to be imposed and do not elevate the level of the crime. Therefore, we answer the trial court’s certified question, as modified, in the negative; and affirm the trial court’s enhancement of penalties based on the defendant’s prior DUI conviction.

II

The State’s Appeal

A

A person is guilty of second degree misdemeanor DUI if he drives under the influence of alcohol to the extent that his normal faculties are impaired or his BAL is .08 percent or above. See §§ 316.193(1) & 775.081(2), Fla.Stat. (1993). Subsection (4) of section 316.193 provides enhanced penalties for anyone convicted under subsection (1) who had a BAL of .20 percent or above or who was accompanied in the vehicle by a minor. However, unlike DUI with property damage or injury to a person, see, e.g., Reed v. State, 579 So.2d 198 (Fla. 2d DCA 1991); Leone v. State, 590 So.2d 29 (Fla. 5th DCA 1991), or felony DUI based on three or more prior DUI convictions, see, e.g., Rodriguez, 575 *1068 So.2d at 1265, the degree or level of crime does not change due to the .20 percent or above BAL or the presence of a minor. Compare §§ 316.193(2)(b) & (3), Fla.Stat. (1993), mth § 316.193(4), Fla.Stat. (1993).
It is determinative, to us, that the .20 percent or above BAL and/or presence of a minor in the vehicle are not outside the charged incident, as are prior DUI convictions. Thus, unlike the prior DUI convictions which mandate an enhanced misdemeanor sentence or the prior convictions necessary to impose a habitualized sentence, which the court will assess at sentencing, we believe the BAL and the presence of a minor are “essential facts constituting the offense charged” which require factual determinations by the jury or factfinder. This situation is analogous to possession of a firearm during commission of the charged offense. Possession of the firearm is required to be pled in the charging document and proven at trial, even where it was used only to enhance punishment and not to elevate the degree or level of the crime. See Peck v. State, 425 So.2d 664, 665 (Fla. 2d DCA 1983); Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981).
Accordingly, we answer the trial court’s second certified question, as modified, in the affirmative. We conclude that the trial court did not err in ruling that the state was required to allege the .20 percent or above BAL in the information and in failing to impose the corresponding enhanced mandatory minimum fine of $1,000 under section 316.193(4).

B.

The final issue is whether the trial court erred by not revoking the defendant’s driver’s license for at least five years as required by section 322.28(2)(a)2, Florida Statutes (1993). We conclude that it did.
Section 322.28(2)(a)2, Florida Statutes (1993), provides that upon a second DUI conviction within a five year period, the court, along with imposing sentence, shall revoke the offender’s driver’s license for not less than five years. Based on the same reasoning set out under point I above, section 322.28’s mandatory revocation of the driver’s license is not dependent upon alleging the predicate DUI conviction in the charging document.
In this case, the trial court took judicial notice of the defendant’s Kentucky driving record, which showed the prior DUI, and based thereon the court adjudicated him guilty of DUI, second offense within three years. Accordingly, the trial court was obligated to revoke the defendant’s driver’s license for at least five years and it was error to suspend the license for only three years. We reverse that part of the sentence and remand for this purpose.
GLICKSTEIN, DELL and KLEIN, JJ., concur.