DANAHY, PAUL W„ (Senior) Judge.
Tony Keels challenges his judgment and sentences for possession of cocaine and fraudulent use of a credit card. We affirm without comment Keels’ conviction and sentence for possession of cocaine but reverse Keels’ conviction for felony fraudulent use of a credit card and remand to the trial court with instructions to enter a judgment for misdemeanor fraudulent use of a credit card and to resentence Keels accordingly.
That portion of the information charging fraudulent use of a credit card alleged that Keels, on a particular date, obtained “goods and services” from the victim in the amount of $17.12 through the use of a credit card issued in a third person’s name. The information further alleged that Keels was in unlawful possession of the credit card and used it with the intent to defraud the victim contrary to section 817.61, Florida Statutes (1999). Section 817.61 is titled “Fraudulent use of credit cards.”[1] It states, in pertinent part: “A person who, in any 6-month period, uses a credit card in violation of this section two or fewer times, or obtains money, goods, services, or anything else in violation of this section the value of which is less than $100, is subject to the penalties set forth in s. 817.67(1).” Section 817.67(1) provides that “[a] person who is subject to the penalties of this subsection shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.”
Because the information alleged that Keels used the credit card to obtain $17.12 worth of goods and services and failed to allege that he used the credit card more than twice, the information charged a first-degree misdemeanor. However, upon pleading to the information, and upon a recitation of the factual basis for the charge by the State that was consistent with the facts alleged in the information, Keels was convicted of a third-degree felony and sentenced to three years’ prison to be served, concurrently with the sentence for possession of cocaine.
A conviction on a charge not contained in the information is a due process violation that may be raised at any time, including appeal. See Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000) (citing State v. Gray, 435 So.2d 816 (Fla.1983)). “It is fundamental error where a defendant pleads to one crime but is convicted of a greater crime with which he was never charged.” Cuevas v. State, 770 So.2d 703, 704 (Fla. 4th DCA 2000). In D.A.B. v. State, 700 So.2d 129 (Fla. 1st DCA 1997), the court reversed the juvenile’s adjudication for battery on a school employee and remanded for an adjudication of simple battery where the petition failed to charge battery on a school employee but did charge simple battery.
Accordingly, we reverse Keel’s conviction for felony fraudulent use of a credit card and remand with instructions to enter a judgment for fraudulent use of a credit card, a first-degree misdemeanor, and for resentencing.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and SALCINES, J., Concur.

. There is no dispute that Keels obtained goods and services in violation of section 817.61, Florida Statutes (1999).