NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIAN S. ROMINE,                      )
                                      )
            Appellant,                )
                                      )
v.                                    )     Case No. 2D13-331
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____  )

Opinion filed April 17, 2015.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

Brian Romine appeals his conviction of burglary of a dwelling with assault.

While on probation, Mr. Romine was charged with two new law violations: first-degree

burglary of a dwelling while armed and criminal mischief causing damage. He was

convicted after a jury trial of burglary of a dwelling *with assault* and criminal mischief.

Mr. Romine does not appeal as to the criminal mischief conviction. As to the burglary of a dwelling with assault conviction, we conclude Mr. Romine's counsel rendered ineffective assistance requiring reversal and a new trial.

Count one of the information filed against Mr. Romine charged "1) BURGLARY WHILE ARMED" and stated in pertinent part:

> ROMINE on or about March 15, 2012, . . . did knowingly enter or remain in a dwelling, the property of CHRISTOPHER HARPER, while armed, or became armed within such dwelling with a dangerous weapon or explosive, with the intent to commit an offense therein, contrary to Florida Statute 810.02.

After the State rested at trial, defense counsel moved for a judgment of acquittal as to burglary of a dwelling while armed, arguing that the State failed to present evidence as to the existence of a dangerous weapon. The trial court granted defense counsel's motion and count one proceeded as "burglary of a dwelling." The defense rested and the charge conference followed, at which time the State asked for an instruction on burglary of a dwelling *with assault*. Defense counsel argued that the State failed to present evidence of fear of imminent danger and thus there was no evidence of assault. The State responded that the victim, Mr. Harper, testified that he was scared. The trial court allowed the instruction on burglary of a dwelling with assault. A discussion followed in which both defense counsel and the trial court acknowledged that this would change the level of the offense, but the charge conference proceeded without objection. The jury found Mr. Romine guilty of burglary of a dwelling with assault.[1]

---

[1]The judgment contains a scrivener's error, stating that the conviction is for "ARMED BURGLARY (DWELLING)," rather than burglary of a dwelling with assault.

We may consider an ineffective assistance of counsel claim "on direct appeal only in the 'rare' instance where (1) the ineffectiveness is apparent on the face of the record, and (2) it would be 'a waste of judicial resources to require the trial court to address the issue.' " Robards v. State, 112 So. 3d 1256, 1267 (Fla. 2013) (quoting Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1987)).  To constitute ineffective assistance of counsel, counsel's performance must have been deficient, meaning it fell "below an objective standard of reasonableness under prevailing professional norms," and counsel's deficient performance must have prejudiced the defendant such that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Bell v. State, 965 So. 2d 48, 56 (Fla. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

It is well established that "[a] conviction on a charge not contained in the information is a due process violation." Keels v. State, 792 So. 2d 1249, 1249 (Fla. 2d DCA 2001); see Deleon v. State, 66 So. 3d 391, 394 (Fla. 2d DCA 2011) (reversing conviction for carjacking with a deadly weapon where the information specifically included the element of a firearm rather than deadly weapon).

> [A] criminal defendant is entitled to a trial on the charges contained in the information and may not be prosecuted for uncharged offenses, even if they are of the same general character or constitute alternative ways of committing the charged offense.  Citation to the correct statute in an information that specifically alleges the ways the statute was violated to the exclusion of others does not cure the fundamental defect inherent in a verdict that finds the defendant guilty of violating the statute in the ways that were not charged.

Morgan v. State, 146 So. 3d 508, 512 (Fla. 5th DCA 2014) (citations omitted).

In this case, though defense counsel argued that the State presented insufficient evidence of assault, counsel failed to object to the jury being instructed on the offense of burglary of a dwelling with assault on the grounds that it was not charged in the information, nor did counsel object to the verdict form including the uncharged offense. Further, counsel failed to object at trial when the State repeatedly directed questions in an effort to prove the elements of this uncharged offense, including recalling Mr. Harper to testify that he was in fear. Such testimony was irrelevant to the charged offense of burglary of a dwelling while armed. While the State argues that defense counsel's conduct waived any uncharged offense error, we conclude such waiver constitutes deficient performance. See Morgan, 146 So. 3d at 514. Further, the prejudice to Mr. Romine is readily apparent in that he was convicted of a first-degree felony though his exposure should have been limited to a second-degree felony due to the judgment of acquittal.[2]

We note that counsel well assisted Mr. Romine in obtaining a judgment of acquittal, reducing the burglary of a dwelling while armed charge to burglary of a dwelling and reducing the criminal mischief causing damage charge to criminal mischief. Nonetheless, we must conclude that the errors relating to the uncharged offense of burglary of a dwelling with assault, when considered together, constitute deficient performance, and the prejudice to Mr. Romine is readily apparent on the face of the record. Accordingly, we reverse the burglary of a dwelling with assault conviction and remand this case to the trial court for a new trial.

---

[2]We note that the acquittal on the first-degree felony charge of burglary of a dwelling while armed raises potential double jeopardy concerns to be considered on remand.

Reversed and remanded.


CASANUEVA, KHOUZAM, and BLACK, JJ., Concur.