DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**BRYANT MOSS,**
Appellee.

No. 4D21-347

[September 15, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert F. Diaz, Judge; L.T. Case Nos. 20-000094MM10A and 20-000027AC10A.

Michael J. Satz, State Attorney, and Joanne Lewis, Assistant State Attorney, Fort Lauderdale, and Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellant.

Gordon Weekes, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for appellee.

WARNER, J.

The State appeals a final order imposing a sentence on defendant for driving while his license was suspended ("DWLS"). As defendant had committed three prior DWLS offenses, the State contended that section 322.34(2)(b)2., Florida Statutes (2019), required a mandatory ten-day jail sentence, which the trial court refused to impose. We reverse, concluding that the statute requires the mandatory sentence.

On December 24, 2019, appellee ran a stop sign and was issued a traffic citation. When the officer discovered that appellee's license was suspended, he was arrested for DWLS. The traffic citation, the booking report, and the probable cause affidavit state that appellee had three prior convictions of DWLS. The State charged appellee with driving on a suspended license contrary to section 322.34(2)(b), Florida Statutes (2019). In the information, the State alleged that he had previously been

convicted of DWLS, and it listed only one prior conviction. However, appellee's driver's license record submitted to the court by the State showed three previous convictions for DWLS.

Appellee entered an open plea of no contest to the court after the court offered a sentence of an adjudication and payment of court costs. The State objected because section 322.34(2)(b)2. mandated a ten-day jail sentence for a third and subsequent convictions. The statute had been amended in October of 2019 to provide for the jail term. Nevertheless, the court adjudicated appellee guilty, ordering him to pay court costs. It did not impose a ten-day mandatory jail sentence required under section 322.34(2)(b)2., concluding that it would be an ex post facto violation to impose the jail sentence. The State appeals the sentence.

The standard of review of a claim that the trial court imposed an illegal sentence is de novo. *Claycomb v. State*, 142 So. 3d 916, 917 (Fla. 4th DCA 2014).

Section 322.34(2) provides for the punishment for DWLS. In 2019, the Legislature amended the statute to provide for a mandatory jail term for any person convicted for a third or subsequent conviction for DWLS, effective October 1, 2019. *See* Ch. 2019-167, § 322.34, Laws of Fla. The statute provides:

> (2) Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law, . . . who, knowing of such cancellation, suspension, revocation, or suspension or revocation equivalent status, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, or while under suspension or revocation equivalent status, commits:
>
> (a) A misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
>
> (b) 1. A misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, *upon a second or subsequent conviction*, except as provided in paragraph (c).
>
> 2. A person convicted of *a third or subsequent conviction*, except as provided in paragraph (c), *must serve a minimum of 10 days in jail.*

2

(c) A felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, upon a third or subsequent conviction if the current violation of this section or the most recent prior violation of the section is related to driving while license canceled, suspended, revoked, or suspension or revocation equivalent status resulting from a violation of:

1. Driving under the influence;

2. Refusal to submit to a urine, breath-alcohol, or blood alcohol test;

3. A traffic offense causing death or serious bodily injury; or

4. Fleeing or eluding.

§ 322.34, Fla. Stat. (2019). Thus, a first conviction for DWLS is a second degree misdemeanor. A second and subsequent conviction is a first degree misdemeanor, although a third and subsequent DWLS conviction can be a felony if the violation is related to the four violations listed in section 322.34(2)(c). Unless elevated to a felony, a person's third or subsequent conviction of DWLS is still a first degree misdemeanor but carries a mandatory minimum ten-day jail sentence as a penalty.

The trial court refused to apply the mandatory minimum jail sentence on appellee, because it believed that the amendment was an ex post facto law as applied to appellee. "Both the United States and Florida Constitutions prohibit ex post facto laws." *Lescher v. Fla. Dep't of Highway Safety & Motor Vehicles*, 985 So. 2d 1078, 1081 (Fla. 2008) (citing U.S. Const. art. I, § 10; art. I, § 10, Fla. Const.). "The United States Supreme Court has defined an ex post facto law as one that (a) operates retrospectively, and (b) 'make[s] innocent acts criminal, alter[s] the nature of the offense, or increase[s] the punishment.'" *Id.* (quoting *Collins v. Youngblood*, 497 U.S. 37, 46 (1990)).

The Florida Supreme Court has recognized four categories of ex post facto laws as set forth by the United States Supreme Court in *Calder v. Bull*, 3 U.S. (3 Dall.) 386 (1798). *Shenfeld v. State*, 44 So. 3d 96, 100 (Fla. 2010). Those four categories are as follows:

1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and

punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. *Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.* 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

*Id.* (quoting *Calder*, 3 U.S. (3 Dall.) at 390–91) (emphasis added). Here, the trial court presumably found that the enhanced penalty of ten days in jail for a determination under subsection (2)(b)2. for "a third or subsequent conviction" was ex post facto as applied to appellee's prior convictions. The trial court's application of ex post facto was erroneous.

In *Grant v. State*, 770 So. 2d 655 (Fla. 2000), the supreme court addressed the application of ex post facto to the prison releasee reoffender statute ("PRR"), section 775.082(8), Florida Statutes (1997). The court analogized the PRR to the habitual offender statute, both of which increased penalties for acts committed after their passage based upon prior convictions. *Id.* at 661. The *Grant* court explained:

The Act increases the penalty for a crime committed after its enactment, based upon release from a term of imprisonment resulting from a conviction which occurred prior to the Act. A habitual offender sentence is not an additional penalty for an earlier crime; rather, it is an increased penalty for the latest crime, which is an aggravated offense because of the repetition. *See Gryger v. Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948); accord *McDonald v. Massachusetts*, 180 U.S. 311, 313, 21 S. Ct. 389, 45 L. Ed. 542 (1901) (finding that a statute which imposes a punishment only on future crimes is not ex post facto, even though a conviction prior to the statute results in increased punishment). As the United States Supreme Court has held, "enhanced sentencing for recidivism does not violate ex post facto principles despite the fact that the prior offenses forming a basis for enhancement occurred prior to enactment of the enhancement provision." *Rollinson*, 743 So. 2d at 587 (citing *Parke v. Raley*, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992)); *see also Cross v. State*, 96 Fla. 768, 782, 119 So. 380, 385 (1928) (observing that, "[b]ut for the commission of the subsequent offense, the enhanced penalty would not be

imposed"); *cf. Raulerson v. State*, 609 So. 2d 1301 (Fla. 1992) (rejecting ex post facto challenge to the violent habitual felony offender provisions of section 775.084, Florida Statutes).

*Id.* at 661–62. *See also Rollinson v. State*, 743 So. 2d 585, 587 (Fla. 4th DCA 1999) ("[T]he United States Supreme Court has held that enhanced sentencing for recidivism does not violate ex post facto principles despite the fact that the prior offenses forming a basis for enhancement occurred prior to enactment of the enhancement provision[.]" (citing *Parke v. Raley*, 506 U.S. 20 (1992))).

Based on *Grant*'s reasoning, the amendment to section 322.34 to add subsection (2)(b)2. is not ex post facto as applied to appellee. The amendment imposes an increased penalty on appellee for his latest DWLS because of recidivism. He was charged with DWLS for driving on December 24, 2019, after the statutory amendment went into effect. Thus, the statute applied a penalty to the subsequent conviction, not his prior convictions. Appellee does not argue otherwise. The court erred in rejecting the mandatory minimum sentence.

Appellee argues, however, that because the information contained only one prior conviction, he was charged with section 322.34(2)(b)1., and not (b)2. He claims that it is a due process violation to convict him of a crime not charged. In support, he relies on *Keels v. State*, 792 So. 2d 1249 (Fla. 2d DCA 2001), where the court stated:

> A conviction on a charge not contained in the information is a due process violation that may be raised at any time, including appeal. *See Fulcher v. State*, 766 So. 2d 243 (Fla. 4th DCA 2000) (citing *State v. Gray*, 435 So. 2d 816 (Fla. 1983)). "It is fundamental error where a defendant pleads to one crime but is convicted of a greater crime with which he was never charged."

*Id.* at 1250 (quoting *Cuevas v. State*, 770 So. 2d 703, 704 (Fla. 4th DCA 2000)).

*Keels* is inapplicable. Here, the information charged appellee with a violation of section 322.34(2)(b), which is a first degree misdemeanor. Section 322.34(2)(b)2. simply increases the crime's penalty but not its degree.

In *State v. Haddix*, 668 So. 2d 1064 (Fla. 4th DCA 1996), we considered a similar issue regarding DUI convictions. The DUI statute under review in *Haddix* provided that a conviction for DUI without personal injury or property damage was a misdemeanor. A second or subsequent conviction raised the penalty, but the fourth conviction constituted a felony. The State charged the defendant with misdemeanor DUI but did not list any prior convictions. At sentencing, the State proved that defendant had a prior DUI conviction. Over the defendant's objection that he had no notice that the State would request the higher penalty which the statute imposed on a second DUI conviction, the trial court concluded that the information did not require the listing of the prior convictions, as it was not an essential element of the crime.

On a certified question from the county court, we agreed with the trial court that the prior convictions were not essential elements of the crime, because they affected only the penalty and not the degree or level of the crime. The prior conviction related only to sentencing, not to the crime itself; therefore it did not have to be alleged in the information. *Id.* at 1067. Moreover, the defendant was charged with notice of the law, and the statute clearly set forth the penalties for additional convictions for DUI. "Accordingly, we conclude that the state should not be required to allege prior DUI convictions in the charging document where the prior convictions affect only the enhanced misdemeanor penalty to be imposed and do not elevate the level of the crime." *Id.*

In like manner, in this case, the number of DWLS convictions did not change the degree or level of the crime charged, it only increased the penalty. Appellee was convicted of a first degree misdemeanor, the crime set forth in the information. Therefore, the fact that two prior convictions were not listed in the information did not change the crime charged. No fundamental error occurred, and appellee never raised the issue of a defect in the information in the trial court or argued to the court that he was prejudiced by the failure to allege both prior convictions.

Lastly, appellee seeks to support affirmance based upon a right-for-the-wrong-reason argument that the statute is unconstitutional as applied to his circumstance. This alternative argument was not raised in the trial court and may not be raised for the first time on appeal. *See Trushin v. State*, 425 So. 2d 1126, 1129–30 (Fla. 1982).

For the foregoing reasons, we reverse the sentence imposed by the trial court and remand for further proceedings. Because appellee's plea was based upon the trial court's promised sentence, the trial court must first

6

afford him the opportunity to withdraw it. *Goins v. State*, 672 So. 2d 30 (Fla. 1996).

*Reversed and remanded for further proceedings in accordance with this opinion.*

CONNER, C.J., and GROSS, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***