# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2976
LT Case No. 2018-CF-000104-A

_____

JOSE MANUEL BANDERA-
ALARCON,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

3.850 Appeal from the Circuit Court for Sumter County.
Mary Pavloff Hatcher, Judge.

Jose Manuel Bandera-Alarcon, Lake City, pro se.

No Appearance for Appellee.

September 26, 2025

HARRIS, J.

     Jose Manuel Bandera-Alarcon appeals the trial court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, arguing that the portions of the record attached to the trial court's order denying the motion do not conclusively refute the claims raised in ground one. For the reasons set forth below, we agree and reverse as to a portion of ground one, remanding for either attachment of portions of the

record that conclusively refute the claims or to hold an evidentiary hearing on the claims. We affirm in all other respects.

There were two child victims in this case, A.C. and C.C., who were six and nine years old, respectively, at the time of the crimes. While the victims' mother was in jail, Bandera-Alarcon, their mother's boyfriend, took care of them.

On January 22, 2018, while Bandera-Alarcon was not at home, the victims' mother called her daughters from jail. During the call, her daughters told her that Bandera-Alarcon had been sexually molesting them. The mother immediately reported the crimes to jail officials, and Bandera-Alarcon was arrested as a result.

The victims were then interviewed separately by a child protection interviewer. A.C., the six-year-old, was able to demonstrate what Bandera-Alarcon had done to her vagina with his fingers and with his penis. The nine-year-old victim, C.C., told the interviewer that Bandera-Alarcon had woken her up by putting his fingers inside her vagina and his penis inside her anus. She further stated that Bandera-Alarcon had also used his mouth on her breasts. Based on these allegations, the State charged Bandera-Alarcon by amended information with: five counts of sexual battery upon a person under twelve (counts one through four and six); two counts of lewd and lascivious molestation of a child under twelve (counts five and seven); and one count of child abuse without great bodily harm (count eight).

At the conclusion of the trial, the jury returned guilty verdicts on all counts. Bandera-Alarcon was sentenced to consecutive life sentences on all five of the sexual battery counts; concurrent terms of life in prison on the two lewd or lascivious counts; and five years in prison, concurrent with the life term on the second lewd or lascivious count, on the child abuse count. His judgment and sentences were affirmed by this Court. *Bandera-Alarcon v. State*, 371 So. 3d 365 (Fla. 5th DCA 2023).

Bandera-Alarcon subsequently filed the instant pro se Rule 3.850 Motion for Postconviction Relief, raising three grounds for relief alleging ineffective assistance of counsel. The trial court

2

issued an order summarily denying relief as to all three grounds raised in the motion. The court attached to its order portions of the record in support of its rulings. This appeal followed.

To uphold the summary denial of a claim for postconviction relief, the claim must either be legally insufficient or conclusively refuted by the record. *See* Fla. R. Crim. P. 3.850(f)(5). To prove ineffective assistance of counsel, the defendant (1) must allege specific acts or omissions of counsel that fell below a standard of reasonableness under prevailing professional norms, and (2) must further show resulting prejudice, in that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also State v. Bucherie*, 468 So. 2d 229 (Fla. 1985).

In ground one of his motion, Bandera-Alarcon asserts that his counsel was ineffective by failing to object to the jury instruction given on the sexual battery charges in counts one through four. Specifically, he argues that he was charged with having committed the offense of sexual battery under section 794.011, Florida Statutes, in a different way in each count, but that the trial court gave the identical jury instruction as to all four counts.

In *Morgan v. State*, 146 So. 3d 508, 512 (Fla. 5th DCA 2014), we held that trial counsel had rendered ineffective assistance by failing to object to instructions that included uncharged offenses. Morgan proceeded to trial on three charges of sexual battery on a child. The amended information charged that Morgan had committed sexual battery either by having penetrated the *victim's mouth or vagina* with *his penis* or by having penetrated the *victim's vagina* with *his finger(s)*. However, the jury instructions provided that the defendant could be found guilty if the State proved that *Morgan's mouth/tongue* had penetrated or come in contact with the *victim's vagina*. This was a method of violating the statute that was not alleged in the amended information.

Concluding that the jury instructions as given allowed Morgan to be convicted of a crime with which he had not been charged, this Court reversed Morgan's convictions and remanded for a new trial. In so doing, we explained that where a statute

3

provides that an offense may be committed in various ways, due process demands that the defendant may be convicted only upon proof that the crime was committed in the way that was charged.

> [A] criminal defendant is entitled to a trial on the charges contained in the information and may not be prosecuted for uncharged offenses, **even if they are of the same general character or constitute alternative ways of committing the charged offense.** *Trahan*; *D.R.*; *Zwick*. **Citation to the correct statute in an information that specifically alleges the ways the statute was violated to the exclusion of others does not cure the fundamental defect inherent in a verdict that finds the defendant guilty of violating the statute in the ways that were charged.**

*Morgan*, 146 So. 3d at 512 (emphasis added).

As to the ineffectiveness claim raised on appeal, we found that counsel rendered ineffective assistance by affirmatively agreeing to the erroneous jury instruction. We concluded that Morgan had established both prongs of the test:

> [W]e believe the deficiency requirement was established by trial counsel's failure to object to the jury instructions that included offenses that were not charged in the Amended Information filed by the State. Not only did counsel fail to object, she agreed to the instructions, thereby inviting the error. The prejudice prong is clearly established[,] because Morgan was deprived of a fair trial with a reliable result when he was convicted of offenses that he was not charged with committing.

*Id.* at 514; s*ee also Lesovsky v. State*, 198 So. 3d 988 (Fla. 4th DCA 2016); *Romine v. State*, 162 So. 3d 1102 (Fla. 2d DCA 2015).

4

In this case, Bandera-Alarcon argues that his trial counsel should have objected to the giving of jury instructions that did not match the charges in the information as to how the offense was allegedly committed in counts one through four. He asserts that the failure to do so caused the jury to convict him of crimes with which he was not charged. Thus, he maintains that he was deprived of due process and that counsel's performance was deficient.

His premise is partly correct and partly incorrect. The instructions given as to counts one and two differed from each other but matched the allegations in those respective counts of the amended information. Thus, Bandera-Alarcon's arguments as to counts one and two lack merit because the instructions given appropriately mirror the charges. We therefore affirm the trial court's denial of relief as to this part of ground one.

However, we find that the instructions on counts three and four varied from the amended information, and the record attachments to the trial court's order do not conclusively refute the claims as to those counts.

Count three of the amended information alleged union between *Bandera-Alarcon's mouth* and *the victim's vagina*. The trial court gave a version of the standard jury instruction that focused on *penile-vaginal penetration*, not union of Bandera-Alarcon's mouth and the victim's vagina. The instruction provided in pertinent part:

> To prove the crime of Sexual Battery upon a Person Less Than 12 Years of Age, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. JOSE MANUEL BANDERA-ALARCON committed an act upon [C.C.] in which **the sexual organ of the [sic] Jose Manuel Bandera-Alarcon** penetrated or had union with the **vagina of the [sic] [C.C.].**

5

Similarly, count four charged penetration of the *victim's vagina* by *Bandera-Alarcon's finger*. However, the trial court gave a version of the standard jury instruction on count four that focused on *penile-vaginal penetration*. It gave the same instruction on count four as it had given on count three.

The instruction on counts three and four did not match the allegations in the amended information as to the way in which Bandera-Alarcon was alleged to have committed the crimes, and the attachments to the trial court's order denying Bandera-Alarcon's motion do not conclusively refute his claim in ground one as to counts three and four.

As in *Morgan*, the deficiency requirement was established by trial counsel's agreement to the jury instructions on counts three and four, which articulated offenses that were not charged in the amended information on those counts. The prejudice prong was established because Bandera-Alarcon was deprived of a fair trial with a reliable result as to these counts when he was convicted of offenses that he was not charged with committing.

Therefore, the court's denial of ground one as to counts three and four is reversed and remanded either for attachment of portions of the record conclusively refuting the claims as to those counts or for an evidentiary hearing on the claims. As to all other claims raised by Bandera-Alarcon, we affirm.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

MAKAR and WALLIS, JJ., concur.

6

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____